J-S17023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM BROWN, | |
| Appellant | No. 801 WDA 2014 |

Appeal from the PCRA Order April 14, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0004266-2005, CP-02-CR-0013412-2003, CP-02-CR-0015665-2003

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:               **FILED APRIL 24, 2015**

Appellant, William Brown, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

Having waived his right to a jury trial on March 31, 2009, Appellant was tried in a nonjury proceeding from April 7, 2009, to April 16, 2009, on charges filed under three informations.  At No. CC 200313412, filed October 27, 2003, Appellant was charged with one count of criminal homicide and two counts of murder of an unborn child in connection with the deaths of Tiffany Griffin and her unborn twins.  The Commonwealth gave notice of its intention to seek the death penalty in this case.  At No. CC 200315665, filed

_____

[*]  Former Justice specially assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

January 6, 2004, Appellant was charged with one count each of criminal attempt (homicide), aggravated assault, and burglary, relative to the assault upon Carmen Griffin, Tiffany's mother, which occurred at the same time as the incident involving Tiffany Griffin. Prior to trial, Carmen Griffin died as a result of her injuries. As a result, the trial court granted the Commonwealth's motion to withdraw the attempt and aggravated assault charges at this information. Appellant was thereafter charged with the homicide of Carmen Griffin by information No. CC 200504266, filed April 8, 2005.

At the close of trial, Appellant was convicted of one count of first-degree murder in the death of Tiffany Griffin, two counts of first-degree murder for the deaths of her unborn children, and one count of third-degree murder in the death of Carmen Griffin. Appellant was adjudged not guilty of burglary.

Appellant was sentenced on May 28, 2009, to three consecutive terms of life imprisonment for the deaths of Tiffany Griffin and her unborn twins and a consecutive term of twenty to forty years of imprisonment for the third-degree-murder conviction. Although the Commonwealth had originally sought the death penalty, the trial court found that the mitigating circumstances were not outweighed by the aggravating circumstances.

Appellant filed a direct appeal and this Court affirmed the judgment of sentence. *Commonwealth v. Brown*, 1021 WDA 2009, 31 A.3d 746 (Pa. Super. filed June 16, 2011) (unpublished memorandum). Appellant filed a

timely petition for allowance of appeal, which was denied on October 25, 2011. ***Commonwealth v. Brown***, 358 WAL 2011, 31 A.3d 290 (Pa. 2011).

On July 13, 2012, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition. On February 10, 2014, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, advising Appellant that he could file a response to the notice within thirty days.[2] On April 14, 2014, the PCRA court issued a final order dismissing Appellant's amended petition.[3]

On April 17, 2014, counsel filed an untimely reply to the PCRA court's Rule 907 notice. The reply submitted for the PCRA court's consideration included additional issues Appellant sought to add in an amended petition. The PCRA court had already issued its final order, and the issues raised in Appellant's reply were not considered by the PCRA court. Appellant filed a motion to reconsider on May 5, 2014, requesting that the PCRA court consider and address the issues presented in his reply. The PCRA court allowed the motion for reconsideration to go unaddressed. Appellant filed a notice of appeal on May 16, 2014.

Appellant presents the following issues for our review:

_____

[2] The PCRA court afforded Appellant more time within which to respond than the twenty days mandated by Pa.R.Crim.P. 907.

[3] The docket reflects that the final order was mailed to current counsel of record on April 18, 2014, *via* first-class mail.

I.    Whether the lower court accepting [Appellant's] jury waiver, knowing that [Appellant] was conceded to be of "borderline intellectual functioning," was a violation of [Appellant's] constitutional right to a jury guaranteed by both federal and state constitutions?

II.   Whether [Appellant's] Amended PCRA Petition raised a genuine issue of material fact to warrant a post-conviction hearing under Rule of Criminal Procedure 908?

III.  Whether, in light of Rule of Criminal Procedure 905's liberal-amendment policy to post-conviction claims, the lower court abused its discretion when it denied [Appellant's] leave to amend his Amended PCRA Petition?

Appellant's Brief at 7.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Appellant first argues that the PCRA court erred in permitting Appellant to waive his right to a jury trial. Appellant's Brief at 19. Appellant cites to the language in Pa.R.Crim.P. 620 which requires that, before a jury trial may be waived, the judge of the court in which the case is pending must approve such waiver. *Id.* Appellant contends that the trial court failed to take into

account Appellant's borderline intellectual functioning in permitting Appellant to waive his right to a jury trial. *Id.* at 20. Appellant asserts that because the trial court failed to safeguard Appellant's right, Appellant's state and federal constitutional rights have been violated, and accordingly, Appellant is entitled to relief under the PCRA. *Id.*

We first note that this claim is waived for failure to raise it on direct appeal. In order to be eligible for relief under the PCRA, the error asserted must not have been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). The PCRA provides that issues are waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(B); ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007). Thus, because Appellant could have raised this issue on direct appeal but failed to do so, we conclude that this issue is waived.

Furthermore, had this issue not been waived, it provides Appellant no basis for relief. Rule 620 of the Pennsylvania Rules of Criminal Procedure addresses a defendant's right to waive a jury trial and provides as follows:

> In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

In addressing waivers of jury trials, our Supreme Court has explained the following:

> [C]riminal defendants have a constitutionally guaranteed right to a trial by jury. In all cases, a defendant may waive a jury trial with approval by a judge of the court in which the case is pending. To be valid, it is well settled that a jury waiver must be knowing and voluntary, and the accused must be aware of the essential ingredients inherent to a jury trial. [. . .] the three ingredients are: 1) that the jury be chosen from members of the community (i.e., a jury of one's peers), 2) that the accused be allowed to participate in the selection of the jury panel, and 3) that the verdict be unanimous.

*Commonwealth v. Houck*, 948 A.2d 780, 787 (Pa. 2008) (internal citations omitted). Furthermore, "it is the defendant's burden, and not the Commonwealth's, to establish that a jury waiver is invalid." *Id.* at 788.

On March 31, 2009, the trial court conducted a lengthy and thorough oral colloquy of Appellant regarding his waiver of a jury trial. N.T., 3/31/09, at 5-29. The trial court made the accused aware of the essential ingredients inherent to a jury trial. *Id.* Throughout the proceeding, the trial court judge and Appellant communicated with each other, and the transcript reveals that Appellant appropriately responded to the various questions, indicating his understanding of the trial court judge's statements. *Id.* The trial court also indicated that it would incorporate the written colloquy into the record. *Id.* at 31. Appellant's counsel stated, and Appellant confirmed, that counsel had read the written colloquy to Appellant and that Appellant had initialed the statements. *Id.*

The written colloquy consisted of fifty-six questions that Appellant answered individually by hand-writing "yes" or "no" to each. Waiver of jury trial and explanation of Defendant's rights, 3/30/09, at 1-8. Specifically, paragraph forty-five stated: "Your waiver must be voluntarily, knowingly, and intelligently waived. Do you fully understand this?" *Id.* at 7. Appellant answered with a hand-written "yes." *Id.* As previously noted, during the oral colloquy, counsel confirmed that he had read the written colloquy to Appellant and that Appellant understood and completed the written colloquy. N.T., 3/31/09, at 31. Appellant did not dispute this statement at the oral colloquy before the court.

Additionally, of relevance is the fact that a hearing on Appellant's motion to bar imposition of the death penalty was held on July 23, 2007. N.T., 7/23/07. The subject of that hearing was Appellant's level of intellectual functioning and whether he had mental retardation, and therefore was not eligible for the death penalty. *Id.* Several experts testified. *Id.* Following the hearing, the trial court issued an order denying Appellant's request that he not be subject to the death penalty. Order, 2/29/08, at 1.

While there is significant evidence of record that Appellant knowingly, voluntarily, and willingly waived his right to a jury trial and was competent to do so, Appellant has presented no evidence that, due to his alleged impaired intellectual functioning, he was not competent to waive this right.

- 7 -

Thus, Appellant has failed to establish that his jury waiver was invalid. *Houck*, 948 A.2d at 788 ("it is the defendant's burden, and not the Commonwealth's, to establish that a jury waiver is invalid."). As a result, if we considered this issue, we would not conclude that the trial court's acceptance of Appellant's waiver of his right to a jury trial was in error or in violation of Appellant's constitutional rights.

In his second issue, Appellant argues that the PCRA court erred by failing to conduct a post-conviction hearing on his ineffectiveness claim. Appellant's Brief at 21. Appellant asserts that trial counsel was ineffective for failing to call his mother and sister as alibi witnesses. *Id.* Appellant maintains that counsel's failure to call the alibi witnesses resulted in prejudice to Appellant. *Id.* at 27. Appellant contends that because there were issues of material fact, a post-conviction hearing was required before dismissal of his petition. *Id.* at 30.

When considering an allegation of ineffective assistance of counsel ("IAC"), counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. *Commonwealth v. Pierce*, 527 A.2d 973, 975-976 (Pa. 1987). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's

unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

Furthermore, when reviewing a claim that counsel was ineffective for failing to call a witness, we note that:

> [a] failure to call a witness is not *per se* ineffective assistance of counsel as such decision generally involves a matter of trial strategy. To establish a claim that counsel was ineffective for failing to call a witness, a defendant must establish that the witness existed and was available, that counsel was informed of the witness's existence, that the witness was ready and willing to testify and that the absence of the witness prejudiced the defendant to a point where the defendant was denied a fair trial.

*Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007).

Additionally, Pa.R.Crim.P. 907, addressing the need for post-conviction hearings, provides, in relevant part, as follows:

(1)   The judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition

> dismissed, grant leave to file an amended petition, or direct that the proceedings continue.
>
> (2)  A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law.

Pa.R.Crim.P. 907(1) and (2).

In accordance with Pa.R.Crim.P. 907, the PCRA court issued its notice of intent to dismiss and advised Appellant of the reasons for the intended dismissal.  Notice of Intention to Dismiss, 2/10/14.  The PCRA court provided the following explanation in concluding that Appellant's claim of counsel's ineffectiveness for failing to call alibi witnesses lacked merit:

> [Appellant's] claim that trial counsel was ineffective for failing to present alibi testimony from his mother, Mary Brown, and his sister, Niesha Hemmingway, is without merit because [Appellant] could not have possibly been prejudiced by trial counsel not calling them.  The record clearly established that counsel had a reasonable basis for not presenting the alibi evidence.  First, [Appellant] provided at least three different alibis before eventually admitting his involvement in these offenses.  Those contradictory statements by [Appellant] would have gravely affected the credibility of any alibi presented at trial that was not consistent with [Appellant's] statements.  None of the three alibis he provided while being interrogated was consistent with the claim that he was in his mother's or sister's presence.  Moreover, the physical evidence in this matter clearly established that [Appellant] was present in the home of the victims.  [Appellant] gave a statement in which he admitted entering the residence by cutting a screen.  This claim[] was corroborated by the fact that a screen had been damaged on the second floor.  Moreover, [Appellant's] statement that he had struck the victims with a cane was corroborated as a cane was found in the home.  The injuries and wounds that the victims suffered were also consistent with [Appellant's] description in his statement of what he did to them.  Moreover, [a] bloody palm

- 10 -

impression left at the scene was found to match that of [Appellant's] and a belt buckle recovered from [Appellant's] room at his home tested positive for blood and DNA testing of that blood revealed that it matched a victim's genetic profile[]. Finally, the Commonwealth presented Glover Huston, an acquaintance of both the victims and [Appellant]. Mr. Huston testified that the Sunday before the incident he was confronted by [Appellant] who was angry and complained that Hutson and the victims were talking about him. Hutson testified that [Appellant] said that he did not like the victims' attitudes and also that it would be easy for someone to break into the house, kill the victims and get away with it.

Clearly, the overwhelming weight of the evidence presented established [Appellant's] presence at the scene of these murders. Offering alibi testimony from his mother and sister, which would have contradicted each of the statements [Appellant] gave, would have been pointless. Trial counsel could not have been ineffective for failing to call alibi witnesses as the record established wholly reasonable grounds for counsel to not present such evidence and, rather, to argue, as he did at trial, that [Appellant's] mental state lessened his culpability.

Notice of Intent to Dismiss, 2/10/14, at 1-3.

The PCRA court's summation of evidence regarding Appellant's involvement in the crimes is supported by the record. Given that evidence, we agree with the PCRA court's conclusion that counsel had a reasonable basis for declining to call alibi witnesses who would contradict Appellant's various statements. Additionally, given the evidence of record, we cannot agree that Appellant was prejudiced by counsel's decision to not present these alibi witnesses' statements. The alleged testimony from the alibi witnesses would not have resulted in a reasonable probability that the result of the proceeding would have been different. *Reed*, 42 A.3d at 319. Because there were no issues of material fact requiring a hearing, the PCRA

court did not err in providing Appellant with notice of its intent to dismiss the petition without conducting a post-conviction hearing. Thus, Appellant's second claim lacks merit.

In his final claim, Appellant contends that the PCRA court abused its discretion by not allowing Appellant to amend his PCRA petition. Appellant's Brief at 30. In support of this contention, Appellant makes the following argument:

> Pennsylvania Rules of Criminal Procedure are clear: upon summarily dismissing a petition for post-conviction relief, a petitioner *may* respond and the judge "thereafter" may "grant leave to file an amended petition." Pa.R.Crim.P. 907(1). In PCRA proceedings, amendments to post-conviction petitions may be made "***at any time***." *Id.* 905(A). In fact, the rules instruct: "Amendment ***shall be freely allowed*** to achieve substantial justice." *Id.* (Emphasis added).

*Id.* at 30-31 (footnote omitted). Appellant argues that after the PCRA court issued its final order dismissing Appellant's petition, he sought leave to amend his post-conviction claims by filing his reply to the notice of intent to dismiss and his motion for reconsideration. *Id.* at 31. Appellant asserts that the PCRA court's failure to allow for amendment of the petition is in violation of Rule 905's "liberal amendment policy." ***Id.***

We first note Appellant's misstatement of the Rules of Criminal procedure. Contrary to Appellant's claim, Pa.R.Crim.P. 907 does not allow for a petitioner to file a response and for the judge to grant leave to file an amended petition **after the petition is dismissed**. Instead, Pa.R.Crim.P. 907(1) allows for a party to file a reply following a PCRA court's issuance of

- 12 -

a **notice of intent to dismiss the petition**. Pa.R.Crim.P. 907(1). It further provides that following a party's reply, the PCRA court may order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue. Pa.R.Crim.P. 907(1).

Furthermore, a party must seek leave to amend a petition. Pa.R.Crim.P. 905(A) provides, in relevant part, as follows:

> (A)   The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice.

Our Supreme Court stated the following in addressing Pa.R.Crim.P. 905(A) and amendment of PCRA petitions:

> Our criminal procedural rules reflect that the PCRA judge "may grant leave to amend ... a petition for post-conviction collateral relief at any time," and that amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A); *see Commonwealth v. Williams*, 573 Pa. 613, 633, 828 A.2d 981, 993 (2003) (noting that the criminal procedural rules contemplate a "liberal amendment" policy for PCRA petitions). Nevertheless, it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not "self-authorizing." *Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012). Thus, for example, a petitioner may not "simply 'amend' a pending petition with a supplemental pleading." *Id.* Rather, Rule 905 "explicitly states that amendment is permitted only by direction or leave of the PCRA Court." *Id.* at 523–24, 35 A.3d at 12; *see also Williams*, 573 Pa. at 625, 828 A.2d at 988 (indicating that the PCRA court retains discretion whether or not to grant a motion to amend a post-conviction petition). It follows that petitioners may not automatically "amend" their PCRA petitions via responsive pleadings.

*Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014).

In the case *sub judice*, Appellant did not timely seek leave to amend his petition in response to the PCRA court's 907 notice of intent to dismiss. Instead, Appellant filed his reply on April 17, 2014, sixty days after the issuance of the notice of intent to dismiss and three days after the PCRA court issued its order dismissing Appellant's PCRA petition. As such, the PCRA court was under no obligation to consider the untimely reply filed after it had issued a final order dismissing the petition.[4] ***See Commonwealth v. Feliciano***, 69 A.3d 1270, 1277-1278 (Pa. Super. 2013) (finding that a claim first presented in a Rule 907 response filed beyond the 20-day period provided by the Rule and after the court had dismissed the petition to be untimely and therefore unpreserved for appellate review).

In his motion to reconsider, Appellant acknowledges that his reply to the PCRA court's notice of intent to dismiss was filed after the PCRA court issued its order dismissing Appellant's amended PCRA petition. Motion to Reconsider, 5/5/14, at 2. Appellant asserts, however, that counsel had no notice of the PCRA court's final order until days after the reply was filed. ***Id.*** Appellant included in the reply additional matters for the PCRA court's consideration, which Appellant sought to add to Appellant's PCRA petition. ***Id.*** Appellant further acknowledged that since the issues in the reply were

---

[4] We note that the issues Appellant raised in his reply as new issues were claims simply reframing the evidence and testimony regarding the crime that were already presented to and considered by the PCRA court in issuing its notice of intent to dismiss.

unaddressed by the PCRA court, they were not preserved for purposes of appeal. *Id.* at 3. Thus, "in the interests of justice and judicial economy," Appellant requested that the PCRA court rescind its final order and consider and address the issues raised in Appellant's reply. *Id.* Appellant asserts that based on 42 Pa.C.S. § 5505, the PCRA court had power to rescind the final order and consider the issues addressed in the reply, as long as the motion was filed within thirty days of the final order, which it was. *Id.*

Section 5505 of the Judicial Code provides a thirty-day period after an order in which a court may modify or rescind that order. Section 5505 states:

> Except as otherwise provided or proscribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505. If a court does not modify an order within this period, the court loses the authority to do so. *Commonwealth v. Liebensperger*, 904 A.2d 40, 44 (Pa. Super. 2006). "Under section 5505, a trial court has broad discretion to modify or rescind an order, and this power may be exercised *sua sponte* or invoked pursuant to a party's motion for reconsideration." *Haines v. Jones*, 830 A.2d 579, 584 (Pa. Super. 2003).

As provided in Section 5505, the PCRA court had the **discretion** to modify or rescind its previous order. The PCRA court, however, had no obligation to do so.

- 15 -

Additionally, the grant or denial of Appellant's motion for reconsideration was within the PCRA court's discretion. *See Moore v. Moore*, 634 A.2d 163, 166 (Pa. 1993) (stating that "A motion for reconsideration is addressed to the sound discretion of the trial court...."). A court is not required to act upon a motion for reconsideration. Pa.R.A.P. 1701(b)(3). As this Court has explained in addressing motions for reconsideration:

> the filing of [a motion for reconsideration] does not toll the time period for the filing of an appeal. Rather, preserving the trial court's discretion in this regard merely protects the trial court's **prerogative** to review its own decision within thirty days after its issuance.

*Vietri ex rel. Vietri v. Delaware Valley High School*, 63 A.3d 1281, 1286 n.3 (Pa. Super. 2013) (emphasis added) (citing *Karschner v. Karschner*, 703 A.2d 61, 62 n.1 (Pa. Super. 1997)). Moreover, the Comment to Pa.R.A.P. 1701(b)(3) provides: "If the [motion for reconsideration] lacks merit the trial court ... may deny [it] by the entry of an order to that effect or by inaction."

Given the evidence of record, we cannot conclude that the PCRA court abused its discretion in declining to allow Appellant to amend his PCRA petition. Additionally, the PCRA court did not abuse its discretion by refusing to rescind its order dismissing Appellant's PCRA petition and address Appellant's additional claims. The PCRA court outlined its reasons for concluding that Appellant's claims lacked merit in its Pa.R.Crim.P. 907 notice

of intent to dismiss. Notice of intention to dismiss pursuant to Pa.R.A.P. 907(1), 2/10/14, at 1-3. The PCRA court had no obligation to address the untimely reply or motion for reconsideration.

Additionally, the fact that Appellant's counsel did not receive notice of the PCRA court's final order dismissing the PCRA petition until after Appellant filed his reply provides no basis for relief. As noted previously, the PCRA court advised Appellant that he had thirty days within which to file a response to the PCRA court's notice of intent to dismiss. Appellant filed his untimely reply sixty days after the PCRA court issued its Pa.R.Crim.P. 907 notice of intent to dismiss and three days after the PCRA court issued its final order dismissing the PCRA petition. Thus, the fact that Appellant did not have notice of the PCRA court's order dismissing the petition when he filed his untimely reply does not result in unfair prejudice to Appellant. As a result, we cannot conclude that the PCRA court abused its discretion in declining to rescind its order dismissing Appellant's PCRA petition and permitting Appellant to amend his petition.

Order affirmed.

P.J. Gantman joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/2015