Stephen D. Karschner, appellant, pro se.

Paul J. Quattrone, Ridgway, for appellee.

Before McEWEN, President Judge, and HUDOCK and SCHILLER, JJ.

OPINION PER CURIAM:

This appeal has been taken from the order entered in the Elk County Court of Common Pleas which sustained the preliminary objections filed by the plaintiff Gelaine Karschner to the motion for post-trial relief filed by defendant Stephen Karschner. Gelaine has filed in this Court a motion to quash the appeal on the ground that it is untimely.

The trial court entered an order of equitable distribution, on May 30, 1997, pursuant to the procedure set forth in Pa.R.C.P. 1920.52(a), which was entered on the docket on June 2, 1997, and the Rule 236 notice sent to the parties. Thus, pursuant to Pa.R.C.P. 1920.52(a), no motion for post-trial relief was permitted, although pursuant to Pa.R.C.P.

**Gelaine M. KARSCHNER, Appellee,**

v.

**Stephen D. KARSCHNER, Appellant.**

Superior Court of Pennsylvania.

Filed Nov. 24, 1997.

1930.2, a motion for reconsideration could be filed within 30 days. Stephen filed post-trial motions on June 9, 1997, and, in response, Gelaine filed preliminary objections thereto. Following a hearing on the post-trial motions, the trial court, by order dated August 25, 1997 and filed September 2, 1997, granted Gelaine's preliminary objections and dismissed the motions for post-trial relief. In addition, the court stated that, to the extent that Stephen's motions for post-trial relief could be considered a motion for reconsideration, it too was denied. Stephen filed this appeal on September 25, 1997.

Gelaine contends that the appeal should have been filed no later than July 2, 1997, within 30 days following the entry of the order of equitable distribution on June 2, 1997. *See* Pa.R.A.P. 903. Stephen's failure to do so, according to Gelaine, renders the appeal untimely.

■ Rule 1920.52(a) specifically states that in claims involving marital property, "[n]o motion for post-trial relief may be filed . . .". This prohibition is reiterated in Pa.R.C.P. 1930.2(a), which provides that "[t]here shall be no motions for post-trial relief in any domestic relations matter except . . . where a paternity matter is tried by jury . . .". Rule 1930.2(b) further provides that:

[a] party aggrieved by the decision of the court may file a motion for reconsideration in accordance with Rule of Appellate Procedure 1701(b)(3). If the court does not grant the motion for reconsideration within the time permitted, the time for filing a notice of appeal will run as if the motion for reconsideration had never been filed.

Instantly, although the motion filed by Stephen was captioned as a motion for post-trial relief rather than a motion for reconsideration[1], the distinction between motions for reconsideration and motions for post-trial relief is not critical to the disposition of the instant appeal.

■ Clearly, Stephen was in error in filing a motion for post-trial relief since such a motion is expressly prohibited by the Rules of Civil Procedure. Thus, regardless of the caption affixed to the motion, pursuant to Rule 1930.2(b), Stephen had thirty days from the entry of the order or until July 2, 1997, to file an appeal, **unless** the trial court expressly vacated the order of May 30, 1997, and granted reconsideration. While the trial court did schedule a hearing on the motion for reconsideration, this was insufficient to toll the appeal period. *Schoff v. Richter,* 386 Pa.Super. 289, 562 A.2d 912 (1989) (in order to extend time for taking appeal, trial court must vacate order and grant reconsideration; the mere scheduling of a hearing on the matter is insufficient). Since the order was not vacated and no appeal was filed within 30 days of the entry of the final, appealable order of equitable distribution, this appeal must be quashed as untimely. Furthermore, an appeal will not lie from the denial of a motion for reconsideration. *Valentine v. Wroten,* 580 A.2d 757, 397 Pa.Super. 526 (1990).

Appeal quashed.

---

1. The two motions are not interchangeable. *See Moore v. Moore,* 535 Pa. 18, 634 A.2d 163 (1993) (in overruling Superior Court decision that motion for reconsideration in a custody action was an impermissible post-trial motion, Supreme Court found specifically that a motion for reconsideration was not a post-trial motion); *In re Greist,* 431 Pa.Super. 188, 636 A.2d 193 (1994) (trial court erred by treating motion for reconsideration as untimely motion for post-trial relief). *But see Gemini Equipment v. Pennsy Supply,* 407 Pa.Super. 404, 595 A.2d 1211 (1991) (reasoning that purpose of both motion for reconsideration and post-trial motion was to have trial court review its decision, Superior Court held that appellant did not waive issues on appeal where motion for reconsideration was filed instead of post-trial motions).