J-A19040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LOUISE JEAN CERASOLI KEPLER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALAN KEPLER | |
| | No. 1815 EDA 2015 |

Appeal from the Order June 1, 2015
in the Court of Common Pleas of Philadelphia County Civil Division
at No(s):9104D2841

BEFORE: FORD ELLIOTT, P.J.E., OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED NOVEMBER 04, 2016**

Appellant, Louise Jean Cerasoli Kepler, appeals from the June 1, 2015 order of the Philadelphia County Court of Common Pleas that denied her motion to strike the December 15, 2014 final order granting Appellee Alan Kepler's second petition to enforce a property settlement agreement ("PSA"). Appellant claims that the trial court was precluded from reconsidering a prior order awarding Appellee $29,200 from Appellant's pension under the parties' PSA and requiring the entry of a qualified domestic relations order ("QDRO") based on Appellee's 47.5% share of the pension. We are constrained to quash this appeal.

The parties are well-versed in the factual and lengthy procedural history of this appeal. It suffices to note that in March 1994, the parties
_____

[*] Former Justice specially assigned to the Superior Court.

entered into the PSA following their separation. A divorce decree was entered in April 1994. Appellee, on August 8, 2011, filed his first petition to enforce the PSA. On December 2, 2011, the trial court[1] entered an order, which in relevant part, awarded Appellee a sum of $29,200 from Appellant's pension. Both parties appealed, and this Court affirmed the December 2, 2011 order. *See Kepler v. Kepler*, 26 & 114 EDA 2012 (Pa. Super. Jan. 10, 2013) (unpublished memorandum). The Pennsylvania Supreme Court denied the parties' petitions for allowance of appeal. *See Kepler v. Kepler*, 190 & 218 EAL 2013 (Pa. Aug. 27, 2013). The parties, however, did not execute a QDRO, and an order was not delivered to Appellant's pension plan administrator.

On February 21, 2014, Appellee filed a second petition to enforce the PSA. On April 16, 2014, the trial court[2] determined that Appellee was entitled to a 47.5% share of the present value of Appellant's pension and directed Appellant to produce documentation regarding her pension. On December 1, 2014, the court determined a schedule of payments.[3] On

---

[1] The Honorable Lisette Shirdan-Harris presided over the litigation of Appellee's first petition to enforce.

[2] The Honorable Doris A. Pechkurow presided over the litigation of Appellee's second petition to enforce.

[3] Specifically, the trial court found that Appellee was entitled to, *inter alia*, payments of a $528.44 per month with $66,583.44 owed for past due periodic payments. Order, 12/1/15, at 1.

J-A19040-16

December 15, 2014, the court granted in part and denied in part Appellee's motion for attorney's fees. The December 15, 2014 order further stated: "This constitutes a final order of the issues set forth in the order dated December 1, 2014." Order, 12/15/14 (some capitalizations omitted).

Throughout the litigation of Appellee's second petition to enforce the PSA, Appellant filed motions to stay the proceedings and strike the trial court's orders because the issue of Appellee's share of her pension had been previously litigated.[4] Additionally, on December 19, 2014, Appellant filed a motion to strike the court's orders, including the December 15, 2014 final order, for the same reason. On June 1, 2015, the court held a hearing on Appellant's motion to strike and denied the motion that same day. Appellant filed a notice of appeal on June 18, 2015, within thirty days of the June 1st order denying her motions to strike, and filed a court-ordered Pa.R.A.P. 1925(b) statement. This Court issued an order to show cause why the appeal should not be quashed, and Appellant filed a response.

Appellant presents the following questions for review:

Is relitigation of a final judgment precluded?

Can a trial court modify its final judgment more than two years after the final judgment, and then, three years after the final judgment, modify the final judgment again?

Appellant's Brief at 6.

_____
[4] During the litigation of the Appellee's second petition to enforce, Appellant also filed several appeals in this Court, which we quashed as interlocutory.

- 3 -

Preliminarily, we must consider whether we have jurisdiction to consider this appeal. *See In re Miscin*, 885 A.2d 558, 560-61 (Pa. Super. 2005). The Pennsylvania Rules of Appellate Procedure require that an appeal be taken from a final order that disposes of all claims between all parties. *See* Pa.R.A.P. 341(b)(1) (defining final order), 903(a) (setting forth the general rule that an appeal be taken "within 30 days after the entry of the order from which the appeal is taken"). Additionally, the Pennsylvania Rules of Civil Procedure provide that the filing of a motion for reconsideration will not toll the time for appeal unless the trial court grants reconsideration within thirty days. *See* Pa.R.C.P. 1930.2(b); *Karschner v. Karschner*, 703 A.2d 61, 62 (Pa. Super. 1997).

Instantly, the trial court entered a final order granting Appellee's second motion to enforce the PSA no later than December 15, 2014. Appellant subsequently filed a motion to strike the December 15, 2014 order. However, the trial court did not strike its prior orders or grant reconsideration within thirty days of the December 15, 2014 order. Rather, the court denied the motion on June 1, 2015, and Appellant subsequently filed her appeal from that order.

Under the circumstances of this case, we conclude Appellant was required to file a notice of appeal within thirty days of the December 15, 2014 order, which disposed of all claims between the parties raised during the litigation of Appellee's second petition to enforce. *See* Pa.R.A.P.

- 4 -

341(b)(1), 903(a). Therefore, Appellant's June 18, 2015 notice of appeal, which she filed from the denial of her motion to strike, was patently untimely. **See** Pa.R.A.P. 903(a); Pa.R.C.P. 1930.2(b).

We recognize that a challenge to subject matter jurisdiction is a defect that may be considered more than thirty days after the entry of a final order. **See Stockton v. Stockton**, 698 A.2d 1334, 1337-38 (Pa. Super. 1997) ("the trial court has broad discretion to modify or rescind a QDRO within thirty days of the entry of the QDRO, but after thirty days the trial court may reconsider a QDRO only if there is a showing of extrinsic fraud or other extraordinary cause"). Appellant also alleges that the trial court's orders finalized on December 15, 2014, should be deemed void and purports to assail the trial court's subject matter jurisdiction over Appellee's second petition to enforce. However, a closer review of Appellant's arguments reveal they focus on claims of the trial court's failure to apply the principles of *res judicata*, the law of the case doctrine, and 42 Pa.C.S. § 5505 by amending the trial court's prior December 2, 2011 order after thirty days had elapsed. Nevertheless, under the circumstances of this case, Appellant's claims allege error in the final order rather than the court's competence to direct the execution and delivery of a QDRO to the plan administrator. **Cf. Prol v. Prol**, 935 A.2d 547, 553 (Pa. Super. 2007) (discussing the basis of a trial court's continuing jurisdiction over a dispute regarding the filing of a QDRO).

Thus, we are compelled to conclude that Appellant's appeal from the June 1, 2015 order was untimely and did not perfect the instant appeal, which raised errors in the December 15, 2014 order. Therefore, we must quash this appeal. *See In re Miscin*, 885 A.2d at 560-61; *Karschner*, 703 A.2d at 62.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2016