J-A24041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.P., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| R.F. | : | No. 556 WDA 2017 |

Appeal from the Order March 30, 2017
in the Court of Common Pleas of Erie County,
Civil Division, No(s): 12741-2004

BEFORE:  MOULTON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED OCTOBER 27, 2017**

M.P. ("Mother") appeals, *pro se*, from the Order denying her Motion for Reconsideration of an oral Order dismissing her request for a custody trial regarding the custody of her sons with R.F. ("Father"):  P.F. (born in March 2001); and B.F. (born in July 2002) (collectively "the Children").[1]  We affirm.

The trial court set forth the relevant factual and procedural history as follows:

> Mother filed a Complaint for Custody in November[] 2012.  An Order was entered in February 2013 giving the parents shared physical and legal custody of the Children.  Since the time of the original [O]rder, multiple filings for Special Relief and other emergency [P]etitions were filed by both parties.  During this time, both Mother and Father were represented by counsel.  Many of Father's [P]etitions addressed his concerns regarding Mother's treatment of the oldest child, [C.F.], and the middle child, [P.F.].
>
> In May[] 2015, a temporary [O]rder was entered giving Father sole legal and physical custody of the minor children.  The oldest

---

[1] The parties' daughter, C.F. (born in April 1998), is not part of this appeal.

child, [C.F.], was permitted to stay with [Father] and make her own decision regarding visitation with [Mother]. The [Children] were to have supervised visits with [] Mother. Mother was not permitted to contact the [Children] by phone, text, or email while in Father's care without Father's permission. The matter was scheduled for a ninety[-]day review.

Before the review hearing took place, problems continued to surface. In June[] 2015, Father filed an emergency [P]etition alleging Mother disregarded the Order's no-contact provision by engaging in an exchange of inappropriate picture and text messaging via social media with [P.F.]. Mother filed a counter-[P]etition alleging Father was in contempt of court for unilaterally ceasing the [Children's] supervised visits with [] Mother. At the conclusion of this hearing, the trial court entered a temporary [O]rder, pending another review hearing in ninety days. The final hearing took place on November 20, 2015. Findings of Fact discussing the statutory best interest factors were reduced to writing and filed the same day the final [O]rder was entered. [The Order awarded Father sole legal and primary physical custody of the Children, and partial physical custody to Mother.]

Mother appealed from this [O]rder. The appeal was docketed at 1994 WDA 2015. During the pendency of the appeal, Mother discharged her attorney and opted to proceed *pro se*. The Superior Court affirmed the trial court's [O]rder by Non-Precedential Memorandum Decision on September 20, 2016. [*See M.A.F. v. R.A.F.*, 158 A.3d 183 (Pa. Super. 2016) (unpublished memorandum).]

Six days after the release of the Superior Court's [O]pinion, Mother, *pro se*, filed a Modification Petition with the Erie County Custody Office. In the Petition, Mother made no showing of a change in circumstance that would justify the modification of the current custody [O]rder. Instead, Mother continued to assert arguments as to issues raised and litigated at prior custody proceedings before the trial court.

In response, Father filed a Petition for Special Relief requesting [that] the trial court find Mother's continuous filings were "obdurate, vexatious, and in bad faith." Father also requested counsel fees and that Mother be barred from filing future

requests for modification, absent pre-authorization by the trial court, for a period of three years.

After a hearing conducted on October 26, 2016, the trial court issued a written [O]rder finding Mother's [P]etition for [M]odification was "obdurate, vexatious, or in bad faith," thereby dismissing Mother's [P]etition for [M]odification of the custody [O]rder. The trial court also ordered Mother pay $1,500.00 in counsel's fees. Additionally, the trial court issued a separate [O]rder[,] which rescinded an [O]rder made orally on the record preventing Mother from filing future pleadings. The new [O]rder permitted Mother to file future pleadings, but cautioned both parties [that] any actions instituted in bad faith would result in sanctions. No appeal was taken from either [O]rder.

On November 2, 2016, before court administration had the benefit of receiving the trial court's October 27, 2016 [O]rder finding Mother's [Modification] [P]etition was "obdurate, vexatious," and "in bad faith," the matter was scheduled for trial in February[] 2017. In response, Father filed a Petition for Special Relief/Petition for Dismissal of Custody Trial and Petition for Counsel Fees on February 21, 2017. A hearing on this matter was set to coincide with the custody trial on February 24, 2017.

At the time of the hearing, the trial court learned Mother had not complied with the October[] 2016 court [O]rder requiring her to pay [] Father $1,500.00 in counsel's fees. In addition, the trial court found the pleading instituting the pend[ing] custody trial was the filing found to be "obdurate, vexatious, in bad faith," and dismissed by the [] trial court in October[] 2016. In conjunction with this, and Mother's non-compliance with the [O]rder requiring her to pay counsel['s] fees, the trial court determined the custody trial was improperly before it. ... No further written order was issued, as the original [O]rder dismissing Mother's request for modification of the custody [O]rder was entered in October[] 2016.

On February 27, 2017, Mother filed a Motion for Reconsideration citing allegations similar to those complained of in her appeal to [the] Superior Court at docket 1994 WDA 2015 and the

September[] 2016 Petition for Modification. Th[e] trial court denied the Motion by [O]rder dated March 30, 2017.[2]

Mother filed a [N]otice of appeal on April 6, 2017. However, Mother failed to include a 1925(b) statement with the [N]otice. Mother's [N]otice of appeal simply stated the trial court ruling was "unfair and unrealistic."

By Order dated April 18, 2017, the Superior Court directed Mother [to] show why the appeal should not be quashed as untimely. Mother did not serve a copy of this response on the trial court, despite direct instruction by the Superior Court to do so. Nevertheless, the Superior Court allowed the appeal to proceed, noting, however, the ruling was not binding upon the Court as a final determination as to the propriety of the appeal.

Trial Court Opinion, 5/2/17, at 1-4 (citation omitted, footnote added).[3]

On appeal, Mother raises the following questions for our review:

A. Whether the trial court erred and/or abused its discretion when the trial court abused its discretion in a complete abandonment of [Pennsylvania Rules of Civil Procedure; ignoring and/or overturning three other Orders of court; and failing to consider the Children's best interest in holding a new custody trial[,] as ordered from the conciliation office[?]

---

[2] On March 8, 2017, Mother also filed other Motions, including "Objection to the Petition for Legal Fees on Grounds of *Res Judicata*," "Petition for an Attorney for Two Minor Children," and "Motion to Recuse." On March 30, 2017, the trial court entered separate Orders denying the "Objection to the Petition for Legal Fees on Grounds of *Res Judicata*" and "Motion to Recuse," and granting the "Petition for an Attorney for Two Minor Children." Mother did not file an appeal from any of these Orders.

[3] Mother did not file a concise statement of matters complained of on appeal with her Notice of appeal, as required by Pa.R.A.P. 1925(a)(2)(i) and 1925(b). However, Mother's failure to file a concise statement simultaneously with the Notice of appeal is not a fatal defect, as Father has not demonstrated he suffered any prejudice. **See In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that "there is no *per se* rule requiring quashal or dismissal of a defective notice of appeal," and dismissal is inappropriate where the appellee has suffered no prejudice).

B. Whether the [trial] court erred and/or abused its discretion when it re-imposed a $1500[.00] penalty upon the financially-broken Mother, that had already been rescinded by the issuing judge[?]

C. Whether the trial court erred and/or abused its discretion and violated its primary duty: to first consider the Children's best interests; in holding the [Children's] need for [] Mother hostage, by refusing to conduct any hearing until the $1500 penalty was paid by impoverished Mother[?]

D. Whether the [trial] court erred and/or abused its discretion by incorrectly stating in its Order that Mother did not demonstrate a change in circumstances[?]

Brief for Appellant at 9 (emphasis and some capitalization omitted).

Initially, Mother's claims concerning the payment of $1,500.00 in counsel's fees to Father and the Motion to Recuse are not at issue in this appeal. Mother did not appeal the trial court's Order denying her "Objection to the Petition for Legal Fees on Grounds of *Res Judicata*," or the "Motion to Recuse." Indeed, Mother only appealed the trial court's Order denying her Motion for Reconsideration of the Modification Petition. Mother did not raise any claims regarding the counsel's fees or recusal of the judge in her Motion for Reconsideration. Hence, we cannot address Mother's claims in this regard. ***See Miller v. Miller***, 744 A.2d 778, 782 (Pa. Super. 1999) (noting that a failure by a party to challenge an adverse ruling may not later seek a reassessment of that ruling).

With regard to Mother's appeal from the denial of her Motion for Reconsideration of the Modification Petition, we have consistently held that an appeal from an order denying reconsideration is improper and untimely.

***See Karschner v. Karschner***, 703 A.2d 61, 62 (Pa. Super. 1997). However, the trial court orally dismissed the Modification Petition at the October 2016 hearing, which the court reiterated at the February 2017 hearing, and never entered a written Order on the record or on the docket. The first Order entered on the record regarding the Modification Petition was the denial of the Motion for Reconsideration. Thus, under these specific circumstances, we will address Mother's claims related to her Modification Petition.

> We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial judge regarding credibility and the weight of the evidence. The trial judge's deductions or inferences from its factual findings, however, do not bind this Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

***S.W.D. v. S.A.R.***, 96 A.3d 396, 400 (Pa. Super. 2014) (citations omitted).

Mother contends that the trial court must look to the best interests of the Children in rendering a custody decision. Brief for Appellant at 17. Mother also argues that the trial court did not account for the fact that she had been exonerated in two separate Erie County Office of Children & Youth abuse investigations. *Id.* at 18. Mother asserts that she was unable to present any new evidence because the trial court dismissed the custody trial. *Id.* at 18, 19; ***see also id.*** at 18 (wherein Mother claims that she is not

- 6 -

required to demonstrate a change of circumstances prior to motioning for a change in custody).

In her Modification Petition, Mother merely reiterated claims that were contested in prior proceedings. **See** Trial Court Opinion, 5/2/17, at 3; **see also M.A.F.**, 158 A.3d 183 (unpublished memorandum at 6-24). It appears Mother is requesting that this Court reweigh the evidence presented at the prior custody trial. However, as we previously stated, we must "accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations." **M.A.F.**, 158 A.3d 183 (unpublished memorandum at 24) (quoting **C.R.F. v. S.E.F.**, 45 A.3d 441, 443 (Pa. Super. 2012)). Further, Mother has not cited to any case law to support her argument that a change of custody is required based upon her alleged exoneration of abuse allegations. **See** Pa.R.A.P. 2119(a) (noting that the argument must include "such discussion and citation of authorities as are deemed pertinent."); **see also Miller**, 744 A.2d at 788 (stating that "[i]t is the [a]ppellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law."). Because Mother merely reiterates her prior arguments and does not raise any new

evidence, the trial court did not abuse its discretion in declining to hold a hearing.[4]  Accordingly, we affirm the Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017

---

[4] We note that the trial court is not required to delineate the court's rationale or consider the factors listed at 23 Pa.C.S.A. § 5328(a) unless the ruling awards or modifies a custody award.  **See S.W.D.**, 96 A.3d at 402.