J-A06012-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: ESTATE OF VAN BRUEN : IN THE SUPERIOR COURT OF
GILBERT, DECEASED : PENNSYLVANIA
:
APPEAL OF: CARMEN BROWN : No. 679 WDA 2017

Appeal from the Order March 15, 2017
in the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 02-10-07208

BEFORE: BENDER, P.J.E., SHOGAN, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.: **FILED April 2, 2018**

Carmen Brown appeals from the order entered on March 15, 2017, which entered a judgment against the Estate of Van Bruen Gilbert and in favor of Equitable Gas Company.[1]  We quash this appeal.

Van Bruen Gilbert died intestate on February 10, 2010.  On December 7, 2010, Carmen Brown, one of Gilbert's daughters, was granted letters of administration.  On November 7, 2011, Equitable Gas filed a claim against the Estate for $3,395.41.  Subsequently, on April 20, 2016, Equitable Gas filed a petition for citation to compel administration of the Estate.  A status conference was held, and Brown filed a first accounting in a timely fashion.  Equitable Gas filed objections to the accounting, and the matter was called for audit on October 17, 2016.  The matter could not be resolved, and a hearing

_____

[1] Brown purports to appeal from the April 10, 2017 order of court denying her motion for relief from judgment of *non pros*.  As discussed, *infra*, this appeal lies from the March 15, 2017 order entering judgment in favor of Equitable Gas.  We have amended the caption accordingly.

*Retired Senior Judge assigned to the Superior Court.

was eventually scheduled on the objections of Equitable Gas for March 14, 2017. Despite proper notice, Brown did not appear at that hearing. According to the orphans' court, counsel "for Equitable Gas appeared and presented testimony from company representatives and five exhibits. At the conclusion of the hearing," the orphans' court entered a judgment in favor of Peoples Gas Company, formerly Equitable Gas, in the amount of $3,395.41.[2] Orphans' Court Opinion, 5/26/2017, at 1 (unnecessary capitalization and parenthetical numerals omitted).

On March 15, 2017, Brown filed a motion entitled "Motion for Relief from Judgment of *Non Pros*." In that motion, she claimed that she inadvertently failed to appear for the March 14, 2017 hearing, and therefore requested that she have the opportunity to respond to the objections of Equitable Gas. On April 11, 2017, the orphans' court denied that motion. On April 28, 2017, Brown filed a notice of appeal from that order. The orphans' court did not

_____

[2] Brown did not order the transcript of this proceeding. Orphans' Court Opinion, 5/26/2017, at 2, n.1. It is well settled that

> [w]ith regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P.1911(a). … When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006). Based on our disposition, we need not address the issue of waiver.

order Brown to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but did file an opinion pursuant to Pa.R.A.P. 1925(a).

Before we reach the issue presented by Brown on appeal, we must consider whether this appeal was filed timely. Both Equitable Gas and the trial court suggest that it was not. *See* Equitable Gas's Brief at 5-6; Trial Court Opinion, 5/26/2017, at 2.

Here, Brown purports to appeal from the April 10, 2017 order denying her motion for relief from judgment of non pros. However, after an examination of the proceedings in the orphans' court, the proper order from which an appeal should have been taken was the order distributing $3,395.41 from the Estate and entering judgment, which was docketed on March 15, 2017. *See* Pa.R.A.P. 342(a)(1) ("An appeal may be taken as of right from the following orders of the Orphans' Court Division … An order confirming an account, or authorizing or directing a distribution from an estate or trust[.]"); Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a government unit or trial court."). Thus, any appeal from that order had to be filed within 30 days, or by April 17, 2017. *See* Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."). Here, Brown filed a notice of appeal on April 28, 2017; thus it appears to be untimely.

However, we must determine what effect, if any, Brown's March 15, 2017 motion had on the timing for this appeal. Orphans' Court Rule 8.1 provides that "[e]xcept as provided in Rule 8.2, no exceptions or post-trial motions may be filed to any order or decree of the court." Orphans' Court Rule 8.2 provides, in relevant part, "[b]y motion, a party may request the court to reconsider any order that is final under Pa.R.A.P. 341(b) or 342 … so long as the order granting reconsideration is consistent with Pa.R.A.P. 1701(b)(3)." *Id*. at (a). In addition, the comment to that rule provides that "[t]he period for filing an appeal is not tolled by the filing of a motion for reconsideration unless the court grants the motion for reconsideration prior to the expiration of the appeal period." *Id*. (comment).

Based on the foregoing, we cannot consider Brown's March 15, 2017 motion a post-trial motion because the orphans' court does not provide for such filings. In addition, even if we considered the March 15, 2017 filing a motion for reconsideration, the orphans' court did not grant the motion for reconsideration. "Furthermore, an appeal will not lie from the denial of a motion for reconsideration." *Karschner v. Karschner*, 703 A.2d 61, 62 (Pa. Super. 1997). Accordingly, Brown had to file a notice of appeal in this case no later than April 17, 2017. She did not do so; therefore, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/2018