J-S07016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WASHINGTON SQUARE PARTNERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NADUM | : | |
| | : | |
| Appellant | : | No. 2517 EDA 2017 |

Appeal from the Judgment Entered July 10, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  December Term, 2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.                **FILED AUGUST 29, 2018**

Appellant, Nadum, appeals from the judgment entered in the Philadelphia County Civil Court, in favor of Appellee, Washington Square Partners ("WSP"). We vacate and remand.

The relevant facts and procedural history of this case are as follows. Appellant rented an apartment in Philadelphia from WSP beginning in October 2011. Appellant ceased paying rent in September 2015. WSP filed a complaint in municipal court against Appellant on November 25, 2015, requesting $5,954.78. That figure represented unpaid rent, electric bills, late fees, and court costs. WSP also sought a judgment for possession of the property at issue. Appellant responded by filing a counterclaim seeking abatement of the rent, due to WSP's alleged breach of the implied warranty of habitability, and inflated electric charges. The municipal court entered judgment in favor of WSP, and Appellant appealed to the court of common pleas.

WSP refiled its complaint. Following the denial of Appellant's preliminary objections, the case proceeded to a bench trial. Thereafter, the court issued an order entering judgment in favor of Appellant, based on WSP's failure to enter into evidence a certificate of rental suitability and proof of service of a Partners in Good Housing booklet. WSP responded by filing a motion for reconsideration, in which it indicated that both items were attached to its filed complaint. The court granted WSP's motion for reconsideration, vacated its previous order, and granted judgment in favor of WSP for $28,564.81.

Appellant filed a motion for reconsideration from that order. In it, he requested the court vacate its order granting WSP's motion, based on Appellant's assertion that WSP violated the implied warranty of habitability, and for judgment to be entered in his favor. The court did not rule on Appellant's motion. Thereafter, he filed an appeal to this Court. Appellant complied with Pa.R.A.P. 1925(b). This timely appeal is now before us.

Preliminarily, we note the trial court's Rule 1925(a) opinion finds Appellant's issues waived for failure to file post-trial motions. We disagree.

Rule of Civil Procedure 227.1 requires a litigant file post-trial motions in order to preserve issues for appellate review. Issues not raised in post-trial motions are waived for appeal purposes. **See Lane Enterprises, Inc. v. L.B. Foster Co.**, 710 A.2d 54 (Pa. 1998). "Post-trial motions serve an important function in the adjudicatory process because they provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate

- 2 -

review." ***Board of Supervisors of Willistown Township v. Main Line Gardens, Inc.*** 155 A.3d 39, 44 (Pa. 2017) (citation omitted).

Post-trial motions and motions for reconsideration are not interchangeable. ***See Karschner v. Karschner***, 703 A.2d 61, 62 n. 1 (Pa. Super. 1997). However, where a petitioner erroneously styles an otherwise timely post-trial motion as a motion for reconsideration, we are not required to find those issues waived on appeal. ***See Gemini Equipment Co. v. Pennsy Supply, Inc.***, 595 A.2d 1211, 1214 (Pa. Super. 1991). "Both the Rules of Civil Procedure and the Rules of Appellate Procedure authorize the courts of common pleas and the appellate courts, respectively, to overlook any error or defect of procedure which does not affect the substantial rights of the parties." ***Vietri ex rel. Vietri v. Delaware Valley High School***, 63 A.3d 1281, 1286 (Pa. Super. 2013) (citations and internal quotation marks omitted). "We will not construe the rules of procedure so narrowly as to allow a minor procedural error to affect the substantive rights of the litigants." ***Id***. (citations omitted).

Here, Appellant filed a motion for reconsideration within ten days of the court's order, which granted WSP's own motion for reconsideration and ordered judgment entered in favor of WSP. ***See*** Pa.R.C.P. 227.1(c)(1) (directing post-trial motions to be filed within ten days of verdict). Appellant's motion avers WSP failed to introduce competent evidence that it cured its breaches of the Philadelphia Property Maintenance Code, and insists Appellant's rent withholding was a justified response to these breaches.

Appellant's motion requests the court vacate the order granting WSP's motion for reconsideration, and instead enter judgment in his favor. Thus, it timely preserved those issues Appellant wishes to appeal, in accordance with Pa.R.C.P. 227.1.

However, the trial court did not rule on Appellant's motion. Because the court did not review its ruling, in accordance with the express purpose of post-trial motions, we decline to evaluate Appellant's issues now. The better course here is to vacate the judgment and remand with the directive that the court issue a ruling on Appellant's motion.

Judgment vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/18