J-S71016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.Y., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: T.M.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1453 EDA 2018 |

Appeal from the Order Entered April 3, 2018
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s):  CP-23-DP-0000009-2014

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 23, 2019**

Appellant, T.M.S. ("Mother"), appeals from the April 3, 2018 Order that dismissed with prejudice Mother's Petition for Modification of Placement of S.Y. ("Child").[1, 2]  Upon careful review, we quash this appeal as untimely filed.

A detailed recitation of the factual and procedural history is unnecessary to our disposition.  Relevant to this appeal, Child was born in July of 2013.  On March 4, 2014, the juvenile court adjudicated Child dependent and placed

---

[1] In her Notice of Appeal, Mother purports to appeal from the April 10, 2018 denial of the Motion for Reconsideration.  However, an appeal does not lie from the denial of a motion for reconsideration.  ***See Karschner v. Karschner***, 703 A.2d 61, 62 (Pa. Super. 1997).  Rather, the appeal properly lies from the April 3, 2018 Order that dismissed with prejudice Mother's Petition for Modification of Placement.  ***See*** Pa.R.A.P. 1701(b)(3); Pa.R.C.P. 1930.2.  We have corrected the caption accordingly.

[2] This order is a final, appealable order.  ***See In re D.S.,*** 102 A.3d 486, 487 n.1 (Pa. Super. 2014) (explaining that an order granting or denying a change in placement in a dependency proceeding is a final, appealable order).

Child in medical foster care after hearing evidence that Child sustained severe brain injuries while in the care of Mother and R.Y., Child's father.

On March 8, 2018, Mother filed a Petition for Modification of Placement requesting that the Appellee, Delaware County Children and Youth Services ("CYS"), move Child from the medical foster care placement to a kinship placement with his maternal grandparents. After hearing oral argument, on April 3, 2018, the juvenile court dismissed Mother's Petition with prejudice. On April 6, 2018, Mother filed a Motion for Reconsideration of the April 3, 2018 Order. On April 10, 2018, the juvenile court denied Mother's Motion for Reconsideration.

On May 8, 2018, Mother filed a Notice of Appeal and a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On July 24, 2018, the trial court filed a Pa.R.A.P. 1925(a) Opinion.

On May 30, 2018, CYS filed a Motion to Quash Appeal with this Court contending that that Mother's appeal was untimely. On June 22, 2018, this Court denied CYS's Motion to Quash without prejudice to CYS's right raise the issue again before this panel of the Court. In the Order, this Court reasoned that the juvenile court docket did not include a notation indicating that the prothonotary gave notice of the April 3, 2018 Order to the parties as required by Pa.R.C.P. 236(b).[3] Because of the prothonotary's failure to enter the Rule 236 notice on the juvenile court docket, this Court concluded that the appeal

---

[3] Rule 236 states, in relevant part, that "[t]he prothonotary shall note in the docket the giving of the notice[.]" Pa.R.C.P. 236(b).

"appears to be deemed timely filed." *See* Order, 6/22/2018. On September 25, 2018, CYS filed a Notice to Correct Reproduced Record with the juvenile court requesting that the Office of Judicial Support correct the record to include Rule 236 Notice for the April 3, 2018 Order dismissing Mother's Petition. In its Brief on appeal, CYS again raises the issue of untimeliness and cites to a corrected record which contains Rule 236 Notice for the April 3, 2019 Order. CYS's Brief at 5-7.

Mother raises the following issues on appeal:

1. Did the [juvenile] court err and/or abuse its discretion in denying Mother's Petition for Modification of Placement of [] Child from foster care to kinship care by failing to consider the nature and depth of the relationship between Child and his maternal grandparents, the bond with his only sibling who resides with maternal grandparents as well as additional relevant and substantial factors?

2. Did the [juvenile] court err and/or abuse its discretion in denying Mother's Petition for Modification of Placement by not holding a full evidentiary hearing on this important issue thereby denying due process?

Mother's Brief at 4.

As an initial matter, we must first determine whether we have jurisdiction over Mother's appeal. In order to preserve the right to appeal from a final order of the Court of Common Pleas, an appellant must file a notice of appeal within 30 days after the date of entry of that order. Pa.R.A.P. 903(a). It is well settled that this Court must strictly construe the 30-day period and is without jurisdiction to excuse a failure to file a timely notice. *In re Griest*, 636 A.2d 193, 195 (Pa. Super. 1994). An untimely appeal divests

this Court of jurisdiction and must be quashed. ***See Valley Forge Center Associates v. Rib-It/K.P., Inc.***, 693 A.2d 242, 245 (Pa. Super. 1997) (citation omitted); ***Cheathem v. Temple Univ. Hosp.***, 743 A.2d 518, 521 (Pa. Super. 1999).

Importantly, the 30-day appeal period may be tolled if the trial court expressly **grants** a motion for reconsideration. ***See Valley Forge, supra*** at 245; Pa.R.A.P. 1701(b)(3). If a trial court fails to expressly grant reconsideration within the 30-day appeal period, the trial court loses its power to act upon the reconsideration motion. ***Schoff v. Rickter***, 562 A.2d 912, 913 (Pa. Super. 1989). "Therefore, as the comment to Pa.R.A.P. 1701 explains, although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition." ***Valley Forge, supra*** at 245; ***see*** Pa.R.A.P. 1701 cmt.

Finally, an order is not appealable until the prothonotary enters it on the docket with the required notation that the prothonotary has given appropriate notice to the parties. ***In re L.M.***, 923 A.2d 505, 509 (Pa. Super. 2007). Under Pennsylvania Rule of Appellate Procedure 108(b), the date of entry of an order is the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b). ***See*** Pa.R.A.P. 108(b).

In the instant case, our review of the corrected docket reveals that on April 3, 3018 the prothonotary entered the final, appealable order denying Mother's Petition for Modification of Placement on the docket with the required notation that the prothonotary gave appropriate notice to all parties.[4]  The trial court's April 10, 2018 Order denying reconsideration did not toll the 30-day appeal period.  Therefore, Mother needed to file an appeal by May 3, 2018 in order for this Court to deem it timely filed.  However, Mother did not file a Notice of Appeal until May 8, 2018, rendering the Notice of Appeal untimely.

As Mother did not file her Notice of Appeal in a timely manner, this Court is without jurisdiction to consider the merits of the appeal.  Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/19

---

[4] The fact that Mother filed a Motion for Reconsideration on April 6, 2018 also demonstrates that Mother had appropriate notice of the April 3, 2018 Order.