J-A27040-19
J-A27041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH J. WITKOWSKI, | : | |
| | : | |
| Appellant | : | No. 762 EDA 2019 |

Appeal from the Order Entered January 16, 2019
in the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000449-2015
CP-64-CR-0000450-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH J. WITKOWSKI, | : | |
| | : | |
| Appellant | : | No. 761 EDA 2019 |

Appeal from the Order Entered January 31, 2019
in the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000449-2015
CP-64-CR-0000450-2015

BEFORE:   BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED DECEMBER 17, 2019**

* Retired Senior Judge assigned to the Superior Court.

Kenneth J. Witkowski (Appellant) has filed notices of appeal from orders entered on January 16, 2019, and January 31, 2019. Upon review, we quash these appeals.

Due to our disposition, we offer only a brief summary of the facts of this case. On January 1, 2016, Appellant was charged with several crimes at two separate docket numbers in the Court of Common Pleas of Wayne County. The cases were consolidated, and on January 27, 2017, Appellant was found to be incompetent to stand trial. The trial court ordered that pursuant to 50 P.S. § 7403 (relating to procedure when a criminal defendant is found incompetent to stand trial), Appellant must undergo an annual competency evaluation each year for the next seven years. Appellant underwent his first competency evaluation in August 2017, and was found to be incompetent.

On November 8, 2018, Appellant filed a motion to dismiss both cases. Appellant contended that the trial court's requiring Appellant to continue to undergo annual competency exams violated Appellant's constitutional right to be free from cruel and unusual punishment. On January 9, 2019, the trial court held a hearing on the motion, and on January 16, 2019, the trial court entered an order denying Appellant's motion to dismiss. On January 30, 2019, Appellant filed a motion for reconsideration from the order denying the motion, and the trial court denied the motion for reconsideration on January 31, 2019.

On March 1, 2019, Appellant filed notices of appeal at each common pleas docket number. Each notice of appeal listed both common pleas docket numbers[1] and stated that they were appeals from both the order denying reconsideration entered January 31, 2019, and the order denying the motion to dismiss entered January 16, 2019.

Based on the foregoing, we first examine whether we have jurisdiction over these appeals. A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903. On March 1, 2019, Appellant filed notices of appeal from orders entered on January 16, 2019, and January 31, 2019. Thus, it is clear that to the extent Appellant is appealing the January 16, 2019 order, the March 1, 2019 appeal was filed more than 30 days after the entry of that order and is therefore untimely.

Turning to the January 31, 2019 order, the appeal from that order was filed timely. However, the January 31, 2019 order denied Appellant's motion for reconsideration. "[A]n appeal will not lie from the denial of a motion for reconsideration." *Karschner v. Karschner*, 703 A.2d 61, 62 (Pa. Super.

---

[1] In *Commonwealth v. Creese*, 216 A.3d 1142 (Pa. Super. 2019), this Court held that based upon our Supreme Court's decision in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), this Court must quash any notice of appeal which lists more than one common pleas docket number. On October 4, 2019, this Court granted *en banc* reargument in several cases to consider whether the inclusion of multiple common pleas docket numbers on notices of appeal violates the tenets of *Walker*. Because we quash these appeals for the reasons set forth *infra*, we will not consider the applicability of *Creese* or the pending *en banc* cases in the instant matter.

1997).  The proper disposition for this Court when a timely appeal is taken from an unappealable order is to quash the appeal. ***See id***.

Based on the foregoing, the notices of appeal filed on March 1, 2019, must be quashed.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/19