J-A25028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEONARD PASINSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REBECCA MAHOVSKY | : | |
| | : | |
| Appellant | : | No. 422 WDA 2022 |

Appeal from the Order Entered March 24, 2022
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD-17-0h08554-004

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:              **FILED: NOVEMBER 29, 2022**

Rebecca Mahovsky (Mother) appeals *pro se* from the order granting her partial physical custody and granting Leonard Pasinsky (Father) primary physical custody and sole legal custody of their minor child P.R.P. (Child), born in 2016.  Mother argues that the trial court abused its discretion in awarding Father primary physical custody and sole legal custody.  Mother also claims that the trial court erred by denying her petitions for special relief and for contempt.  We affirm.

We adopt the facts and procedural history set forth in the trial court's opinion.  **See** Trial Ct. Op., 5/16/22, at 1-8.  Briefly, the parties, who have never been married, have been engaged in custody litigation since July 27, 2017.  On February 13, 2019,[1] the parties entered into a consent order which

_____

[1] A copy of the consent order was filed and docketed on February 14, 2019.

provided that both parents shared legal custody of Child and physical custody alternating on a weekly basis. The order further provided that the parties would exchange custody approximately halfway between the parties' residences, and that each party would have a video chat or phone call with the Child once per day when the other party had custody of Child. Mother also agreed she would relocate from Erie County to Allegheny County by October 15, 2019. The parties subsequently amended this consent order several times.[2]

On October 22, 2020, Father filed a petition to modify custody, seeking primary physical custody of Child. The parties subsequently filed several pleadings, including Mother's petition for special relief, which requested that the trial court order Child to attend therapy, and Mother's petition for contempt, which alleged that Father violated the custody order by interfering with Mother's daily phone calls with Child. Father filed a Protection From Abuse (PFA) Act[3] petition on behalf of Child alleging that Mother's paramour

_____

[2] Mother did not relocate to Allegheny County by the deadline set forth in the February 13, 2019 consent order. On December 12, 2019, Mother and Father entered into a consent order (which was filed and docketed on December 13, 2019) which amended the February 2019 consent order in part. Custody exchanges were changed to curbside at Father's residence with Mother providing all transportation. Consent Order, 2/13/19, at 2 (unpaginated). Additionally, Mother agreed to pay $1,000 for Father's attorney's fees to resolve Father's pending petition for contempt. **Id.** As of the 2022 custody hearings, Mother still resides in Erie County. **See, e.g.**, N.T., 2/16/22, at 327, 331.

[3] 23 Pa.C.S. §§ 6101-6122.

had hit Child while he was in Mother's custody. On January 11, 2022, the trial court issued a temporary PFA order which granted Father sole physical custody and prohibited Mother from having contact with Child. The parties agreed to consolidate the final PFA hearing with the custody hearing.

The trial court held hearings on February 16, 2022 and March 8, 2022. The trial court heard testimony from several witnesses, including Father and Mother. During the first hearing, the parties resolved Father's PFA petition by entering into an agreement stating that Mother's paramour would not have contact with Child. The trial court issued an order memorializing the parties' agreement. At the conclusion of the second hearing, the trial court placed its findings on the record. N.T., 3/8/22, at 143-60. The trial court ordered that, two weeks before Child begins attending school, Father would have primary physical custody and sole legal custody of Child and Mother would have partial physical custody every other weekend. *Id.* at 160-61. The trial court further ordered Mother to continue providing all transportation for custody exchanges. *Id.* at 161. The trial court also ordered Father to immediately give consent for Child to enroll in therapy. *Id.* The trial court denied Mother's petition for special relief and her petition for contempt.[4] *Id.* at 162-63. The trial court

_____

[4] The trial court noted that the parties had previously disposed of Father's PFA petition by agreement and order. N.T., 3/8/22, at 160.

reduced its final custody order to writing, which was dated March 11, 2022, and entered on March 24, 2022.[5]

Mother contemporaneously filed a timely notice of appeal and a Pa.R.A.P. 1925(a)(2)(i) statement of errors complained of on appeal on April 11, 2022. Mother also filed a motion for reconsideration on April 12, 2022. That same day, the trial court issued an order indicating that Mother's motion for reconsideration was null because more than thirty days had elapsed from the date that the trial court entered its order.[6] The trial court also filed a Rule 1925(a) opinion addressing Mother's issues.

On appeal, Mother raises the following issues for our review:

1. Whether the trial court committed an error of law and/or abused its discretion based on fact and law when they granted the [Father's] petition to modify custody on Mother's relocation?

2. Whether the trial court committed an error of law and/or abused its discretion in that the [Father's] residence is in the

---

[5] According to the trial court docket entries, the trial court served the parties with notice of the written order on March 24, 2022. **See** Pa.R.A.P. 108(a)(1) (providing that the date of entry of an order is the day the clerk of court mails or delivers copies of the order to the parties); **see also** Pa.R.C.P. 236. We have amended the caption accordingly.

[6] As stated above, the trial court's final custody order was entered on March 24, 2022, not March 11, 2022. Therefore, the trial court still had jurisdiction to rule on Mother's motion for reconsideration when she filed her motion on April 12, 2022. **See** Pa.R.C.P. 1930.2(b); Pa.R.A.P. 1701(b)(3)(i). However, a motion for reconsideration does not toll the appeal period unless the trial court grants reconsideration of its order. **See, e.g.**, Pa.R.C.P. 1930.2(b); **Karschner v. Karschner**, 703 A.2d 61, 62 (Pa. Super. 1997). Therefore, although the trial court erred in disposing of Mother's motion for reconsideration, it does not affect our jurisdiction.

best interest of [] Child considering the evidence presented in trial?

3. Whether the trial court committed an error of law and or abused its discretion in disregarding the testimony and evidence presented in trial regarding [] Child's medical care?

4. Whether the trial court committed an error of law and/or abused its discretion by granting [Father's] choice of school given the testimony and evidence presented in trial?

5. Whether the trial court committed an error of law and/or abused its discretion in making a determination that it was reasonable for [Mother] to provide all transportation for custody exchanges despite the testimony and evidence provided in trial?

6. Whether the trial court committed an error of law and/or abused its discretion in disregarding [Father's] testimony for his malicious motive for filing a false PFA [petition] and false police report against [Mother] in trial?

7. Whether the trial court committed an error of law and/or abused its discretion to disregard the testimony and evidence provided in trial by th[e trial] court's appointed psychological evaluator and deny [Mother's] petition for special relief?

8. Whether the trial court committed an error of law and/or abused its discretion to deny [Mother's] petition for civil contempt for disobedience of custody order given the testimony and evidence provided in trial?

Mother's Brief at 5-7 (unpaginated) (formatting altered).[7]

---

[7] Additionally, Mother alleges that the trial court was biased against her following a previous contempt hearing. Mother's Brief at 11 (unpaginated). Mother did not raise this claim before the trial court or in her Rule 1925(b) statement, therefore it is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"), 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); *see also **Crawford v. Crawford***, 633 A.2d 155, 159
*(Footnote Continued Next Page)*

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand.

*M.J.M. v. M.L.G.*, 63 A.3d 331, 334 (Pa. Super. 2013) (citation omitted).

Further, this Court has explained:

On issues of credibility and weight of the evidence, we defer to the findings of the trial court who has had the opportunity to observe the proceedings and demeanor of the witnesses. The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa. Super. 2014) (citation omitted and formatting altered).

Initially, before addressing the merits of Mothers' claims, we must determine whether she has preserved her claims for purposes of appeal. In her brief, Mother cites case law in her discussion of the scope of and standard of review,[8] and she provides some citations to the hearing transcripts. However, she does not cite any legal authority in support of her arguments. Further, Mother's argument section consists of bald assertions alleging that

_____

(Pa. Super. 1993) (explaining that a claim of judicial bias must be raised at the earliest possible opportunity, otherwise it is waived).

[8] *See* Mother's Brief at 4-5 (unpaginated).

the trial court erred by awarding Father primary physical custody and sole legal custody, ordering Mother to provide all transportation for custody exchanges, denying Mother's petition for special relief regarding therapy for Child, and denying Mother's petition for contempt. Mother's Brief at 11-16 (unpaginated). Mother also challenges the trial court's weighing of the evidence and credibility determinations. *See id.* at 12-16 (unpaginated).

This Court has explained:

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

*Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) (citations omitted)).

Further, this Court has held that "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *In re W.H.*, 25 A.3d 330, 339 n.3 (Pa. Super. 2011) (citations omitted); *see also* Pa.R.A.P. 2119(a) (providing that the argument section of appellate brief shall contain discussion of issues raised therein and citation to pertinent legal authorities).

Here, because Mother failed to provide any relevant authority supporting her claims, we conclude that all of her issues are waived. *See W.H.*, 25 A.3d at 339 n.3.

In any event, even if Mother preserved her claims for review, she would not be entitled to relief. The trial court thoroughly addressed Mother's assertions regarding the custody order, her petition for special relief, and her petition to find Father in contempt. **See** Trial Ct. Op. at 10-22. Specifically, we note that the trial court found Father and Father's sister credible and found Mother not credible. **See id.** at 4, 7, 13-15, 21; **see also A.V.**, 87 A.3d at 820 (stating that we defer to the trial court's credibility determinations and "the parties cannot dictate the . . . weight" that the trial court gives to particular evidence). Because the trial court rejected Mother's testimony as not credible, we discern no abuse of discretion in the trial court's denial of the petition for contempt. **See** Trial Ct. Op. at 21; **see also Thomas v. Thomas**, 194 A.3d 220, 225 (Pa. Super. 2018) (explaining that this Court reviews a contempt order for an abuse of discretion). Likewise, we agree with the trial court that the terms of the custody order are in the best interests of Child, including the provision that Child receive therapy. **See** Trial Ct. Op. at 12-21. Therefore, even if Mother preserved her claims for review, we would affirm based on the trial court's analysis of these issues. **See id.** at 10-22.[9]

For these reasons, we affirm the trial court's order.

---

[9] We note that the citation on page 13 of the trial court's opinion should read "**Commonwealth ex rel. E.H.T. v. R.E.T., Sr.**, 427 A.2d 1370 (Pa. Super. 1981)," the citation on page 14 of the trial court's opinion should read "**D.K.D. v. A.L.C.**, 141 A.3d 566, 575, 578-80 (Pa. Super. 2016)," and the citation on page 18 of the trial court's opinion should read "**J.M.R. v. J.M.**, 1 A.3d 902, 912 (Pa. Super. 2010)."

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2022