553 A.2d 407

**Martin S. JAINDL, Respondent,**

v.

**Dorothy J. Jaindl MYERS, Petitioner.**

Supreme Court of Pennsylvania.

Filed Jan. 23, 1989.

## ORDER OF COURT

PER CURIAM.

Petition for allowance of appeal is granted, the order of the Superior Court is reversed on the basis of *Karis v. Karis,* 518 Pa. 601, 544 A.2d 1328 (1988), and the order of the Court of Common Pleas of Montgomery County is reinstated.

NIX, C.J., files a dissenting opinion.

NIX, Chief Justice, dissenting.

I dissent.

By today's order, the majority has taken another unnecessary and unwise step away from a longstanding and beneficial rule governing the modification of court-ordered child custody arrangements. Because today's decision is based on *Karis v. Karis*, 518 Pa. 601, 544 A.2d 1328 (1988), it is implicitly a statement that the original custody order involved in the instant case was modifiable without proof of a "substantial change in circumstances."

Prior to this Court's decision in *Karis v. Karis*, a well settled rule in this Commonwealth was that modification of a child-custody order had to be based on a "substantial change in circumstances" and the "best interests" of the child. *In re Estate of R.L.L.*, 487 Pa. 223, 409 A.2d 321 (1979); *Commonwealth ex rel. v. Daven*, 298 Pa. 416, 148 A. 524 (1930); *Parker v. MacDonald*, 344 Pa.Super. 552, 496 A.2d 1244 (1985); *Commonwealth v. Bishop*, 185 Pa. Super. 362, 137 A.2d 822 (1958); *Commonwealth ex rel. Teitelbaum v. Teitelbaum*, 160 Pa.Super. 286, 50 A.2d 713 (1947).

In connection with the principle last mentioned, the Superior Court established a rule requiring that, on a petition to change an existing child-custody order, the petitioner had to show, as a threshold matter, that there had been a "substantial change in circumstances." *Constant A. v. Paul C.A.*, 344 Pa.Super. 49, 496 A.2d 1 (1985); *Agati v. Agati*, 342 Pa.Super. 132, 492 A.2d 427 (1985); *Fatemi v. Fatemi*, 339 Pa.Super. 590, 489 A.2d 798 (1985); *Hartman v. Hartman*, 328 Pa.Super. 154, 476 A.2d 938 (1984); *Daniel K.D. v. Jan M.H.*, 301 Pa.Super. 36, 446 A.2d 1323 (1982). Unless the petitioner met that initial burden, a court would not reexamine the previous judicial determination as to custody. *E.g., Constant A. v. Paul C.A., supra; Agati v. Agati, supra.* The previous adjudication carried with it a presumption that it was in the "best interests" of the child.

The rule requiring a threshold showing of changed circumstances was based on a cogent and, in my view, compelling consideration: unless the petitioner seeking modification is required to make an initial showing of substantially

changed circumstances, the custodial status of the child could be subjected to destabilization by repeated spurious or frivolous petitions, and by the frequent relitigation of issues previously resolved. *Agati v. Agati, supra.*

Notwithstanding the foregoing, this Court in *Karis v. Karis, supra,* held that an existing order for partial physical custody could be changed *to one for shared custody* without preliminary proof of a "substantial change in circumstances." The *Karis* majority based that holding on its construction of sections 5304 and 5310 of the "Custody and Grandparents Visitation Act," 23 Pa.C.S. §§ 5304, 5310. Section 5304 empowers a court to enter an award for shared custody. Section 5310 provides that "[a]ny order for custody ... may ... be modified at any time *to* an order of *shared custody....*" (Emphasis added.) Both of these sections are 1985 reenactments of provisions contained in a 1981 statute. *See* Act of November 5, 1981, P.L. 322, 23 P.S. §§ 1005, 1011.

The wording of section 5310 providing for the entry of an order for shared custody *"at any time"* can arguably be interpreted as eliminating the "substantial change in circumstances" threshold where the court is being called upon to consider the entering of an order of shared custody. I, however, do not believe that such a construction accurately reflects the legislative intent sought to be expressed. I am of the view that this language was employed to stress the viability of shared custody as an effective remedy in many of these cases. The concept of shared custody, either physical or legal, offers the trial court the flexibility to maximize the available positive input a natural parent can offer to the rearing of his or her offspring. Where both parents are fit, exhibit a desire to share in a continuing involvement with the child, and are capable of setting aside their personal differences to communicate and cooperate in promoting the best interest of the child, that opportunity should be fully exploited. It is my view that the *"at any time"* language employed in section 5310 was merely to direct the court's attention to considering the possibility of

shared custody whenever it was appropriately called upon to reevaluate a previous custody order. I still maintain that it is only appropriate to reevaluate an existing order where the change of circumstances would dictate such action. Repetitive and frivolous assaults upon an existing custody arrangement undercut the security necessary to establish a supportive environment for the rearing of the child and therefore undermine the best interests of the child.

I joined in the result reached in *Karis* because the record established that the trial court did find a "substantial change in circumstances" before proceeding to reexamine the prior order. I noted in my concurring opinion my disagreement with the view that section 5310 requires that we discard the former threshold requirement. *Karis*, 518 Pa. at 609–10, 544 A.2d at 1333. I reassert that point of departure today.

Here the majority compounds its error in *Karis* by using it as decisional authority in a procedural posture where section 5310 has no applicability. In this matter, the court had given Martin S. Jaindl "primary physical custody" of his six-year-old son Brian. The initial order had also provided that the child's mother was to have "partial physical custody" during specified hours of each weekday and on alternate weekends. Upon a petition for modification filed by the mother, the court transferred custody to the mother and gave the father only visitation rights. The court noted that each of the parents would provide a "loving and caring environment" and that the "equities" of the matter were "extremely close." The Superior Court, on review, concluded that the record did not demonstrate a "substantial change in circumstances" that would warrant the entertaining of the petition for modification and on that basis reversed the order, thereby reinstating the initial order.

Although this situation does not fall within section 5310, which speaks only of modification *"to"* an order of *"shared custody"*, the majority nonetheless relies upon *Karis* as its basis for concluding that the threshold inquiry is no longer necessary to consider the merits of petitions for modifica-

tion.[1]  Thus the unstated result of this Court's reversal is to signal the bar of this Commonwealth that petitions for modification of custody orders may be entertained at any time without regard to whether there have been any material changes which would warrant a reevaluation.  I am confident the unsettling impact of today's decision will soon become evident.

1. If the majority's response is due to their disagreement with the Superior Court's conclusion that the record did not establish a "substantial change of circumstances" to warrant entertaining the petition, I concede that there could be merit in the majority's position on that issue.  In such case, the appropriate response would have been to reverse that finding and remand the matter to the Superior Court to review the lower court's order as to the best interests of the child.