562 A.2d 1389

**Yvonne MARTIN, Appellant,**

**v.**

**Joseph MARTIN, Appellee.**

Superior Court of Pennsylvania.

Submitted April 24, 1989.

Filed Aug. 23, 1989.

Frank A. Wolfe, Ford City, for appellant.

Robert Petrosky, Kittanning, for appellee.

Before WIEAND, McEWEN and WATKINS, JJ.

WIEAND, Judge:

This is an appeal from the denial of a mother's petition to modify a custody order which had awarded custody of two daughters to their father. The trial court determined that

there had not been a material change in circumstances following the original custody order and, therefore, declined to reconsider the best interests of the children. We reverse and remand for additional proceedings.

On March 1, 1988, after a full hearing, the Court of Common Pleas of Armstrong County entered an order awarding custody of Brandy Ann Martin, age fourteen, and Dawn Lynn Martin, age twelve, to their father, Joseph Martin. Less than three months later, the children's mother, Yvonne Martin, filed a petition to modify the custody order. The court held a hearing, at which the children's mother and maternal grandmother testified, and at which the children were again interviewed in camera. At the close of the mother's evidence, father moved for dismissal of the petition on the ground that mother had failed to show a substantial change in circumstances adversely affecting the children. The court granted father's motion for dismissal on the basis of Superior Court decisions holding that a party must prove a substantial change in circumstances to warrant a reexamination of the children's best interests. See: *Snarski v. Krincek,* 372 Pa.Super. 58, 538 A.2d 1348 (1988); *Constant A. v. Paul C.,* 344 Pa.Super. 49, 496 A.2d 1 (1985); *Burr v. Morgart,* 339 Pa.Super. 341, 488 A.2d 1155 (1985). On appeal, mother contends that the trial court abused its discretion when it declined to re-examine the best interests of the children.

In *Karis v. Karis,* 518 Pa. 601, 544 A.2d 1328 (1988), the Supreme Court eliminated the requirement that the petitioning party prove a substantial change in circumstances in order to modify an order placing primary physical custody in one parent to an order of shared custody by both parents. The Court's decision was based on 23 Pa.S.C. § 5310, which provides as follows:

> *Any order* for the custody of the child of a marriage entered by a court in this Commonwealth or any state may, subject to the jurisdictional requirements set forth in 42 Pa.C.S. §§ 5342 (relating to purposes and construc-

tion of subchapter) and 5344 (relating to jurisdiction), be modified *at any time to an order of shared custody* in accordance with this subchapter.

(emphasis added). Husband argues that the elimination of the requirement that a party show changed circumstances under *Karis* has application only where the petitioner seeks joint custody and does not apply where, as here, mother has not requested the court to change its order to one of shared custody but seeks a transfer of custody to herself alone.

In *Jaindl v. Myers,* 520 Pa. 147, 553 A.2d 407 (1989) (per curiam), the Supreme Court reversed an unpublished memorandum by a panel of the Superior Court which had held that *Karis* did not eliminate the need to show a substantial change in circumstances where a mother, by petition to modify, had sought to obtain primary custody of a child previously awarded to the child's father. The Supreme Court did so by per curiam order reversing the decision of the Superior Court on the basis of *Karis.* The effect of this per curiam order of reversal was recognized by Chief Justice Nix who, writing in dissent, explained as follows:

> Because today's decision is based on *Karis v. Karis,* 518 Pa. 601, 544 A.2d 1328 (1988), it is implicitly a statement that the original custody order involved in the instant case was modifiable without proof of a "substantial change in circumstances."
>
> . . . .
>
> Thus the unstated result of this Court's reversal is to signal the bar of this Commonwealth that petitions for modification of custody orders may be entertained at any time without regard to whether there have been any material changes which would warrant a reevaluation.

*Jaindl v. Myers, supra,* 520 Pa. at 147–151, 553 A.2d at 407–408 (Nix, C.J., dissenting).

The per curiam decision in *Jaindl,* which reversed an unpublished decision of the Superior Court, is binding

precedent. See: *Commonwealth v. Gretz*, 520 Pa. 324, 325, 554 A.2d 19, 20 (1989) (per curiam) ("Although the panel decision in [this case] was supported by an unpublished memorandum, which of itself could not have been cited as precedential, our *per curiam* affirmance constituted a binding decision of precedential authority on the question presented to and accepted for review by this Court."). Thus, it seems clear that the per curiam order of the Supreme Court in *Jaindl* is a directive that petitions for modification of custody orders may be filed at any time, and in all such cases the court hearing the petition must consider the best interests of the child or children. Although such a rule will undoubtedly increase the workload of trial courts, it will have the beneficial effect of providing closer supervision by trial courts of their own custody orders. The potential for using frequent modification petitions to harass, moreover, can be limited by the power of trial courts to award counsel fees in cases where modification petitions have been filed in bad faith to harass and annoy. See: 42 Pa.C.S. § 2503(9).

The trial court in this case stated: "After reviewing the testimony and the Briefs of counsel we are constrained to deny the Petition on the ground that a substantial change of circumstances has not taken place since our last order. Consequently, we will not reconsider the best interests of the children at this time." Trial Court Opinion at 1.

Because the court relied on a body of case law which has now been overruled, we must reverse and remand to the trial court for further hearing and a determination of the best interests of the children.

Reversed and remanded for further proceedings consistent with the foregoing opinion. Jurisdiction is not retained.