[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the following matters: 1) the plaintiffs motions to open and modify a decree of dissolution of marriage and order of child custody entered by the Court of Common Pleas of Lehigh County, Pennsylvania; and 2) motion to modify the visitation order to reflect the current best interests of the child; and 3) the defendant's motion for a finding of contempt against the plaintiff for failure to comply with the Pennsylvania custody order. The defendant has filed a certified copy of the foreign matrimonial judgment and subsequent orders as required by 46b-71 C.G.S.
The court makes the following findings.
The parties were divorced on March 10, 1989. The plaintiff, who had remained with the defendant in Pennsylvania for some undisclosed period of time, returned in August 1988 with her minor child, Douglas, to reside in Connecticut with a man with whom she had had a relationship during the course of her marriage, Scott Murray. CT Page 7113
The parties have not presented the court with the March 10, 1989 decree of dissolution of the marriage. The testimony established that in those proceedings the defendant initially claimed not to be the father of the minor child but acknowledged paternity and claimed a right to visitation after the completion of a blood test. The precise nature of that blood test is not in evidence, however the plaintiff testified that the test had reported a 97.26% probability that the defendant was the father of her son.
On July 27, 1989, the Pennsylvania court entered an order headed "Custody". That order states
 "And now, this 27th day of July 1989, after conference before the Custody Hearing Officer and upon agreement of the parties, it is hereby Ordered and Decreed:
 1. Custody of the parties' minor child, Douglas Ray Kozero, shall be in the Plaintiff, Antoinette L. Kozero hereinafter `Mother'.
 2. The defendant, David Charles Kozero, hereinafter `Father' shall have partial physical custody of the said minor child as follows: . . . ."
The order went on to set forth a schedule for exercise of "partial physical custody" with the minor child, who is presently four years old, spending one week of each month with the defendant, with the parties sharing equally in transporting the child from Connecticut to Pennsylvania.
In November 1989, the plaintiff perceived that Douglas bore a greater physical resemblance to Scott Murray than to the defendant, and at her request Murray underwent a blood test of an unspecified type. The plaintiff testified that the result of that test was a finding of a 99.99% probability that Murray was Douglas' father.
No actual report or other testimony concerning either blood test was presented in evidence. Absent a stipulation of admissibility, the court cannot and does not consider as evidence items attached to pleadings but not admitted into evidence at the hearing.
The defendant filed a contempt petition on April 19, 1990 claiming violation of the July 27, 1989 order, and on May 9, 1990 the Pennsylvania Court entered an order "based upon agreement of the parties" continuing the defendant's entitlement to transport Douglas to Pennsylvania for one week per month, with the exchange CT Page 7114 of custody to take place at the Newburgh, N.Y. exit of Route I-84. The plaintiff testified without contradiction that at the time of the May 9, 1990 proceeding she raised the issue of the new evidence of paternity but was advised by the judge or hearing officer that the finding of paternity could not be disturbed. The defendant has continued to pay child support throughout the period at issue.
The plaintiff testified to the effect that she agreed to the custody/visitation plan ordered on July 27, 1989 because she was under the impression that there was no way to reopen the divorce judgment to contest paternity and obtain re-adjudication of the defendant's custody rights.
The plaintiff further testified that she receives welfare assistance and for a long period was unable to obtain legal counsel to address the issues presented in an out-of-state proceeding.
The plaintiff concedes that she last drove Douglas to the designated spot in Newburgh, New York, in September 1990, and that she did not take steps to deliver Douglas to the defendant for visitation since that time. She testified that she was relying on welfare assistance, had a car that was not operable, and had come to the limit of her ability to borrow a car from a relative. She testified that in September 1990 Douglas began a daily pre-school problem to ameliorate his difficulties with speech and that the visitation schedule was disruptive to that program. She testified that she sent to the defendant's counsel a facsimile transmission of a report from the Shelton Public Schools indicating Douglas' placement in the program. (Ex. 1). The plaintiff also testified that she was without transportation to take the child to Newburgh, N.Y. and that when he returned from the visits he was unruly and disturbed and acted in a troubled manner.
The defendant has attempted to telephone the minor child but has not visited with him since September 1990. The defendant has filed a motion requesting that the plaintiff be held in contempt of court for failing to comply with the cited custody orders.
Pursuant to 46b-71 (b), a duly filed foreign matrimonial judgment becomes the judgment of the court of this state and "is to be enforced and otherwise treated in the same manner as a judgment of the court of this state" except that "the substantive law of the foreign jurisdiction shall be controlling."
Under Pennsylvania law, a custody order may be modified upon motion at any time without a showing of changed circumstances. Karis v. Karis, 518 Pa. 601, 544 A.2d 1328 (1988); Jaindl v. Myers,520 Pa. 147, 553 A.2d 407 (1989) (per curiam); Choplosky v. Choplosky, 584 A.2d 340, 341 (1990); Martin v. Martin,562 A.2d 1389, 1390 (Pa.Super. 1989). The standard for modification, in CT Page 7115 Pennsylvania as in Connecticut, is the best interests of the child Martin v. Martin, supra, at 1391; Choplosky v. Choplosky, supra, at 341.
At the hearing as to the pending motions, the parties presented only scanty evidence as to the best interest of the child, whose exact age is not even of record. Counsel shall reclaim the motion to modify custody in order to present full evidence relevant to a determination of the best interests of the child. Attorney Sheryl Shaughnessey of Southport is hereby appointed to represent the interests of the child. Based on evidence that the child is receiving state aid, his counsel fees shall be paid from funds appropriated to the judicial department pursuant to 46b-62 C.G.S. The parties have filed a stipulation to the effect that during the pendency of the motion to modify, the defendant shall exercise custody of Douglas on Saturdays from 1:00 p. m. to 3:00 p. m. commencing July 27, 1991, and every other Saturday thereafter, with all visits occurring at the home of the maternal grandparents or Scott Murray's parents, to be supervised "by said grandparents or parents" with neither the plaintiff nor Scott Murray present.
The defendant has filed a motion for a finding that the plaintiff is is in contempt of the May 9, 1990 custody order of the Pennsylvania court and enforcement of a contempt order entered by the Pennsylvania court on December 17, 1990. The plaintiff credibly testified that her failure to transport Douglas from Shelton, Connecticut to the Newburgh, New York exist of Route I-84 was the result of lacking a means of transportation after some months of relying on the generosity of her family to supply her with a car to use for this purpose. The defendant did not show that she had the means to comply with the order. The inability of a party to obey a court order, without fault on her part, is a good defense to the charge of contempt. Mallory v. Mallory, 207 Conn. 48,57 (1988); Mays v. Mays, 193 Conn. 261, 264 (1984); Tobey v. Tobey, 165 Conn. 742, 746 (1974). The law of Pennsylvania is the same. See Explanatory Comment to Pa. Rule 1915.12; Travitzky v. Travitzky, 534 A.2d 1081, 369 Pa. Super. 65 (1987).
While the defendant urges the court to adopt and enforce the finding of contempt issued against the plaintiff in absentia, this court notes that it was not established that the plaintiff had notice of that proceeding, and that Rule 1915.12 of the Pennsylvania Rules of Civil Procedure requires service on an alleged contemnor either in person or by mail.
On the basis of the foregoing findings, the motion for a finding of contempt is denied.
This court does not take up the issue of the paternity of the CT Page 7116 minor child, as the only pending motion is for modification of the custody order, and no motion to reopen the judgment itself has been filed.
Beverly J. Hodgson Judge of the Superior Court.