J-S32034-19

2019 PA Super 211

| J.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.S. | : | |
| | : | |
| Appellant | : | No. 460 EDA 2019 |

Appeal from the Order Entered January 2, 2019
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  0C121184

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

OPINION BY MURRAY, J.:                                    **FILED JULY 09, 2019**

J.S. (Mother), in her words, "appeals to the Superior Court of Pennsylvania from the Custody Order entered in this matter on January 2, 2019, motion to reconsider denied with amendments January 29, 2019." Mother's Notice of Appeal, 2/14/19.  After careful review of the convoluted procedural history preceding this appeal, as well as prevailing legal authority, we quash.

Instantly, Mother challenges the trial court's award of primary physical custody of the parties' eight-year old daughter (Child) to J.P. (Father), and the court's attendant decision permitting Father to relocate with Child from Philadelphia to Montgomery County.

Mother filed a timely *pro se* petition for reconsideration on January 7, 2019, in which Mother alleged that the trial court erred in the "evaluation of the evidence presented at the hearing.  Mother requested that [the trial court]

restore shared physical custody and order that the Minor Child continue to attend school in Philadelphia." Trial Court Opinion, 3/13/19, at 5.

Mother subsequently retained counsel, who a week later, on January 14, 2019, entered her appearance and filed a motion to modify custody on Mother's behalf.[1] On January 29, 2019, the trial court entered an order denying reconsideration, and the corresponding docket entry reads: "RECONSIDERATION DENIED. NOTICE GIVEN UNDER RULE 236. MOTHER'S PETITION FOR RECONSIDERATION DENIED WITHOUT A HEARING. SEE ORDER FOR DETAILS." The trial court's order denying reconsideration reads, in part:

> MOTHER SEEKS RECONSIDERATION OF OUR ORDER OF JANUARY 2, 2019 GRANTING [FATHER'S] REQUEST TO RELOCAT[E] AND GRANTING FATHER PRIMARY PHYSICAL CUSTODY. THIS PETITION FOR RECONSIDERATION WAS FILED WITHOUT THE ASSISTANCE OF COUNSEL, WHICH IS MOTHER'S PEROGATIVE.
>
> UPON EXAMINATION OF MOTHER'S REASONS FOR FILING THE PETITION AND CONSIDERATION OF MOTHER'S ARGUMENTS FOR RECONSIDERATION, WE DENY, WITHOUT A HEARING, THE PETITION, BUT AMEND OUR **OPINION** TO CORRECT AND CLARIFY THE RECORD FOR THE FOLLOWING REASONS:
> . . .

Order, 1/29/19, at 1 (emphasis added).

---

[1] Father appeared *pro se* before the trial court and continues to represent himself on appeal; Father has articulated, *inter alia*, that he does "not have sufficient funds to hire counsel to file a brief on my behalf. Please do not consider my failure to file a [counseled] brief as any concession or agreement that the appeal has any merit." Father's "Letter Brief" at 1.

The trial court order then listed four paragraphs explaining: 1) regardless of Mother's living situation, "both parents perform their parental duties and attend to the daily needs of minor child"; 2) the court's choice of school enrollment "better suits" Child's "needs at this time"; 3) the court erroneously found that Mother missed Child's dance recital when "it was Father who missed a dance recital," but "we nevertheless conclude that Father is more likely to ensure the minor child will attend extracurricular activities that she is involved in"; and 4) despite Father working two jobs, Child's "best interests would be served by granting primary custody to Father during the school year." *Id.* at 1-2.

The order also specified that it "did not resolve Mother's petition to modify custody filed on January 14, 2019, which is scheduled for a custody master's event on February 7, 2019, at 2:00 P.M., which will proceed as scheduled." *Id.* at 2. The docket reflects "EVENT CANCELLED" on February 7, 2019. On February 14, 2019, Mother filed this appeal. The trial court issued an opinion on March 13, 2019.

We must address the procedural posture leading up to this appeal. The January 2, 2019 order awarding primary physical custody to Father and permitting him to relocate from Philadelphia to Montgomery County was a final order because a custody order is final "after the trial court has completed its hearings on the merits and the resultant order resolves the pending custody claims between the parties." *G.B. v. M.M.B.*, 670 A.2d 714, 715 (Pa. Super. 1996) (*en banc*). Judge Beck, writing for the *en banc* panel, explained:

> Based on the case law . . . and the important policy concerns implicated in custody proceedings, we hold that a custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties. We conclude that this holding will protect the child from the protraction of custody litigation through repetitive appeals while still allowing prompt and comprehensive review of custody determinations. It will also support judicial economy and efficiency and uphold the integrity of the trial court's process in deciding custody matters. On the one hand, to permit piecemeal appeals subjects the child to the uncertainties of ongoing litigation. A custody proceeding, whether on the trial or the appellate level, threatens a child's stability. On the other hand, a custody decision once finally made must be subject to review. Drawing a bright line by which finality may be determined will encourage judicial economy and efficiency by making it clear both to litigants and to trial courts when the appellate process may properly be invoked. Our holding also serves to uphold the integrity of the trial process by not interfering with the trial court's efforts to craft a final decision and by not permitting premature challenges to those efforts. In striking a balance between postponing and granting an appeal, we have attempted to serve primarily the best interests of the child.

*Id.* at 720–21 (footnotes omitted).

The finality of the January 2, 2019 order is reinforced by Mother's January 7, 2019 *pro se* petition for reconsideration and her January 14, 2019 counseled petition to modify custody. Accordingly, Mother's appeal — filed on February 14, 2019 — was untimely as to the January 2, 2019 order because it was not taken "within 30 days after the entry of the order from which the appeal was taken." Pa.R.A.P. 903(a).

With regard to the January 29, 2019 order, docketed as "RECONSIDERATION DENIED," Mother's appeal was timely. However, a denial from a motion for reconsideration is not final or otherwise appealable.

*See Valentine v. Wroten*, 580 A.2d 757 (Pa. Super. 1990). In that case, we stated:

> Our court has repeatedly held that appeals filed from orders denying reconsideration are improper and untimely. The appeal in this case should have been filed within thirty days from the [original custody] order or, reconsideration should have expressly been granted within thirty days of that order. Since the untimely filing of the appeal goes to the jurisdiction of this court, we have no choice but to quash the appeal.

*Id.* at 758 (citations omitted).

More recently, this Court explained the proper procedure by which Mother in this case could have preserved her appeal:

> Nothing in our rules precludes Mother from filing both a motion for reconsideration and a notice of appeal. **It often is prudent for a litigant to file both; if the trial court does not grant the motion for reconsideration before the expiration of the thirty days in which the litigant can file a notice of appeal, the litigant <u>will</u> lose the right to appeal**. *See* Pa.R.A.P. 1701; *Orfield v. Weindel*, 52 A.3d 275, 277 (Pa. Super. 2012).

*M.O. v. J.T.R.,* 85 A.3d 1058, 1061 n.1 (Pa. Super. 2014) (emphasis and underline added).

Similarly, in *Commonwealth v. Moir*, 766 A.2d 1253 (Pa. Super. 2000), we stated:

> [A]s the comment to Pa.R.A.P. 1701 explains, **although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition**. Moreover, we have consistently held that an appeal from an order denying reconsideration is improper and untimely.

*Id.* at 1254 (citations omitted) (emphasis added).

As referenced above, Rule 1701 "codified the well-established principle regarding the inherent authority of the trial court, and clarified the fact that a motion for reconsideration does not act as a stay of the appeal period." ***Moore v. Moore***, 634 A.2d 163, 167 (Pa. 1993). The Rule states:

**Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed

- 6 -

and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit.

Pa.R.A.P. 1701(b) (emphasis added).

Consistent with the procedural history and legal authority set forth above, we conclude that Mother's appeal filed on February 14, 2019 was untimely and must be quashed. We quashed an appeal in a similar case, stating:

> [Appellant] had thirty days from the entry of the order or until July 2, 1997, to file an appeal, **unless** the trial court expressly vacated the order of May 30, 1997, and granted reconsideration. While the trial court did schedule a hearing on the motion for reconsideration, this was insufficient to toll the appeal period. **Schoff v. Richter**, 386 Pa.Super. 289, 562 A.2d 912 (1989) (in order to extend time for taking appeal, trial court must vacate order and grant reconsideration; the mere scheduling of a hearing on the matter is insufficient). Since the order was not vacated and no appeal was filed within 30 days of the entry of the final, appealable order of equitable distribution, this appeal must be quashed as untimely. Furthermore, an appeal will not lie from the denial of a motion for reconsideration. **Valentine v. Wroten**, 580 A.2d 757, 397 Pa.Super. 526 (1990).

**Karschner v. Karschner**, 703 A.2d 61, 62 (Pa. Super. 1997) (emphasis in original).

Here, Mother had 30 days from the entry of the January 2, 2019 order or until February 1, 2019 to file an appeal, unless the trial court expressly vacated the January 2, 2019 order and granted reconsideration. Although the trial court stated in its January 29, 2019 order denying reconsideration that it

was amending "our opinion . . . to correct and clarify the record," we find that action "insufficient to toll the appeal period," because, *inter alia*, "an appeal will not lie from the denial of a motion for reconsideration." **See** Order, 1/29/19, at 1.

Further, the docket simply indicates "RECONSIDERATION DENIED," with no indication, as required by Rule 1701(b)(3)(ii), that reconsideration was "expressly granted" to toll the appeal period. **See Estate of Haiko v. McGinley**, 799 A.2d 155 (Pa. Super. 2002) (trial court's order granting reconsideration must state expressly and unequivocally that reconsideration is granted); **see also Schoff v. Richter**, 562 A.2d 912 (Pa. Super. 1989) (an order granting reconsideration will be effective only if it is made and entered on the docket); **Cheathem v. Temple University Hospital**, 743 A.2d 518, 520 (Pa. Super. 1999) (holding that a motion for reconsideration does not toll the appeal period unless the trial court expressly grants reconsideration within 30 days of the appealable order).

The above notwithstanding, we recognize that the trial court on January 29, 2019, in its own words "den[ied], without a hearing, the petition, but amend[ed] our **opinion** to correct and clarify the record for the following reasons . . ." Order, 1/29/19, at 1 (emphasis added). The trial court stated that the changes "did not have a material impact on the outcome of our relocation and custody analysis . . . so we did not disturb the custodial

arrangements from our January 2, 2019 order." Trial Court Opinion, 3/13/19, at 5.

As indicated in Pa.R.A.P. 1701(b)(1), a trial court may take action necessary to preserve the status quo and correct formal errors "in papers relating to the matter." Although the trial court in this case preserved the status quo and made corrections prior to Mother filing her appeal on February 14, 2019, it was within its authority to do so. We have addressed "a court's inherent authority to correct mistakes." *Manufacturers & Traders Tr. Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913 (Pa. Super. 2015). We explained:

> In addition to its equitable power to reconsider an otherwise final order after 30 days, a court has inherent power "to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record" at any time. *Manack v. Sandlin,* 812 A.2d 676, 680 (Pa. Super. 2002); *see* Pa.R.A.P. 1701(b)(1) (recognizing a trial court's inherent authority to "correct formal errors" in the record notwithstanding a pending appeal). However, "[a] major substantive change, such as the total withdrawal of an order relative to a motion of record does not constitute a corrective order within the inherent powers of the trial court or the court's statutory authority." *Manack,* 812 A.2d at 682. "Absent a specific rule or statute, the only exception is to correct obvious technical mistakes (*e.g.,* wrong dates) but no substantive changes can be made." *Ettelman v. Cmwlth. Dep't of Transp.,* 92 A.3d 1259, 1262 (Pa. Cmwlth. 2014) (emphasis added). The ability to correct orders is limited to errors that are patent or obvious on the face of the record. *ISN Bank,* 83 A.3d at 172–73.

*Manufacturers & Traders Tr. Co.*, 108 A.3d at 921.

Finally, we recognize that this decision does not put Mother out of court. "[P]etitions for modification of custody orders may be entertained at any time without regard to whether there have been any material changes which would warrant a reevaluation." **Martin v. Martin**, 562 A.2d 1389, 1390 (Pa. Super. 1989) (citation omitted). Our Supreme Court has provided "a directive that petitions for modification of custody orders may be filed at any time, and in all such cases the court hearing the petition must consider the best interests of the child or children." **Id.** at 1391.

Consistent with the foregoing, we quash Mother's appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/19

- 10 -