J-A13016-20

2020 PA Super 204

K.T.R.                             :     IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
             Appellant                :
                                        :
                                        :
           v.                        :
                                        :
                                        :
L.S.                             :     No. 3292 EDA 2019

Appeal from the Order Entered May 24, 2019
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  No. 2016-11063

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STRASSBURGER, J.[*]

OPINION BY LAZARUS, J.:                           Filed: August 20, 2020

K.T.R. (Father) appeals from the order, entered in the Court of Common Pleas of Delaware County, denying his motion to modify custody.  After our review, we quash this appeal.

Father and L.S. (Mother) are the parents of two minor children, G.R. (born 2/09) and K.R. (born 6/10) (collectively, Children).  On May 24, 2019, the Honorable Dominic F. Pileggi entered a comprehensive custody order granting Mother primary physical custody, granting Father partial physical custody, and granting the parties shared legal custody of Children.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The custody order provides, in part, that during the school year, Father has custody of Children every other weekend and, during the off-week, from Tuesday after school until Thursday; the parties alternate holidays; and the parties alternate custody weeks during the summer.  **See** Order, 5/24/19.

On June 13, 2019, twenty-one days after the court entered the custody order, Father filed a motion for reconsideration.[2]   In his motion, Father requested that: (1) the court re-interview Children in the presence of counsel;[3]   (2) the parties obtain transcripts of the first interview without having to file a separate motion, and (3) the court issue findings of fact and conclusions of law in support of the May 23, 2019 order.[4]   *See* Motion for Reconsideration, 6/13/19, at ¶ 15.

On June 21, 2019, the trial court granted Father's motion[5] and scheduled a hearing for September 18, 2019; on that same date, June 21, 2019, Father filed a notice of appeal and Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  On July 18, 2019, Father, acknowledging the court's grant of reconsideration, withdrew that notice of appeal.[6]  Praecipe to Withdraw, 7/18/19.

_____

[2] *See* Pa.R.C.P. 1930.2 – Explanatory Comment ("[T]he requirement of Appellate Rule 1701 that the motion for reconsideration be filed and granted within the thirty-day appeal period is adopted here.").

[3] *See* Pa.R.C.P. 1911.15(b).

[4] The order, dated May 23, 2019, was entered on the docket on May 24, 2019.

[5] This order was entered on the docket on June 24, 2019.

[6] Father filed a praecipe to discontinue the appeal at 1883 EDA 2019, which was entered on the docket on July 21, 2019.  *See* Pa.R.A.P. 1701(b) (timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal; where timely order of reconsideration is entered under this paragraph, time for filing notice of appeal begins to run anew after entry of decision on reconsideration).  We point out that the official note to

At the September 18, 2019 reconsideration hearing, no testimony was taken, but the court heard argument. On September 27, 2019, the court entered an order allowing access to the transcript of Children's testimony without further motion and granting Father's request for additional testimony. Thereafter, on October 28, 2019, the court issued findings of fact and conclusions of law and entered an order scheduling the additional testimony from Children for December 27, 2019. In the interim, however, *despite obtaining the relief he requested*, Father filed the instant notice of appeal on November 14, 2019.

We analyze the procedure in this case under both Pa.R.A.P 1701 and Pa.R.C.P. 1930.2(e), and with the following timeline in mind:

- **May 24, 2019**- Custody order filed.

- **June 13, 2019**- Father files motion for reconsideration.

- **June 24, 2019**- Court grants reconsideration and schedules hearing for September 18, 2019.

- **September 18, 2019**- Hearing held- no testimony taken; Father requested trial court: (1) re-interview Children; (2) allow parties access to transcripts without further motion; and (3) issue findings of fact and conclusions of law in support of 5/24/19 custody order.

---

Rule 1701 refers to Pa.R.C.P. 1930.2, further explained **infra**, which provides that "where reconsideration from a domestic relations order has been timely granted, a reconsidered decision *or an order directing additional testimony* must be entered within 120 days of the entry of the order granting reconsideration or the motion shall be deemed denied." Pa.R.A.P. 1701 – Official Note (emphasis added). Moreover, the note states that the "date from which the appeal period will be measured following a reconsidered decision in a domestic relations matter is governed by Pa.R.C.P. 1930.2(d) and (e)."

- **September 27, 2019**- Court enters order granting all of Father's requests.

- **October 28, 2019**- Court schedules re-interview of children for December 27, 2019; issues findings of fact and conclusions of law.

- **November 14, 2019**- Father files notice of appeal.

Pennsylvania Rule of Civil Procedure 1930.2 provides in relevant part:

\* \* \*

(b) A party aggrieved by the decision of the court may file a motion for reconsideration in accordance with Pa.R.A.P 1701(b)(3). If the court does not grant the motion for reconsideration within the time permitted, the time for filing a notice of appeal will run as if the motion for reconsideration had never been presented to the court.

(c) The court shall render its reconsidered decision within 120 days of the date the motion for reconsideration is granted, *except as set forth in subdivision (e).* If the court's decision is not rendered within 120 days, the motion shall be deemed denied.

(d) If the court does not enter a reconsidered decision within 120 days, the time for filing a notice of appeal will begin to run anew from the date of entry of the reconsidered decision or from the 121st day after the motion for reconsideration was granted.

(e) *If the court grants the motion for reconsideration and files its order within the 30-day appeal period, the court may issue an order during the applicable 120-day period directing that additional testimony be taken. If the court issues an order for additional testimony, the reconsidered decision need not be rendered within 120 days, and the time for filing a notice of appeal will run from the date the reconsidered decision is rendered.*

Pa.R.C.P. 1930.2 (emphasis added).

Here, the trial court did not render its reconsidered decision within 120 days of its decision to grant reconsideration. **See** Pa.R.C.P. 1930.2(c). However, if the trial court grants reconsideration within the 30–day appeal

period, Rule 1930.2(e) permits the trial court to issue an order directing that additional testimony be taken. **See** Pa.R.C.P. 1930.2(e) (if court issues order for additional testimony, reconsidered decision need not be rendered within 120 days; time for filing notice of appeal will run from date reconsidered decision is rendered).[7] We find Rule 1930.2(e) applies here.

Instantly, Father filed his motion for reconsideration on June 13, 2019. On June 24, 2019, the court granted reconsideration, within the 30-day appeal period. Pa.R.C.P. 1930.2(e).[8] That order also scheduled a hearing on the

---

[7] The Explanatory Comment to Rule 1930.2 states: "If the court grants the motion for reconsideration, it has 120 days in which to enter a reconsidered decision. The appeal period begins to run anew upon the entry of the reconsidered decision, or on the 121st day if the decision is not entered within the 120-day period. *The time limit does not apply where the court determines that it is necessary to take additional testimony. In that event, the time for filing a notice of appeal begins to run anew when the reconsidered decision is entered*." Pa.R.C.P. 1930.2 – Explanatory Comment (emphasis added).

[8] Mother contends that because the trial court did not vacate its May 24, 2019 order, Father's appeal is premature. **See** Appellee's Brief, at 4. We take this opportunity to clarify that Pa.R.A.P. 1701 imposes no such requirement. Rule 1701 requires only that the trial court enter an order "expressly granting reconsideration[.]" Pa.R.A.P. 1701(b)(3)(ii).

In 1997, a Superior Court Opinion per curiam interpreted Rule 1701 as requiring the court to vacate the order in addition to expressly granting reconsideration. **See Karschner v. Karschner**, 703 A.2d 61 (Pa. Super. 1997). **Karschner** stated:

> [Husband] had thirty days from the entry of the order or until July 2, 1997, to file an appeal, *unless the trial court expressly vacated the order of May 30, 1997, and granted reconsideration*. While the trial court did schedule a hearing on the motion for reconsideration, this was insufficient to toll the appeal period.

> *Schoff v. Richter*, [] 562 A.2d 912 ([Pa. Super.]1989) (in order to extend time for taking appeal, trial court must vacate order and grant reconsideration; the mere scheduling of a hearing on the matter is insufficient). *Since the order was not vacated and no appeal was filed within 30 days of the entry of the final, appealable order of equitable distribution, this appeal must be quashed as untimely.*

*Id.* at 62 (emphasis added). The *Karschner* Court cited to *Schoff* for the proposition that the court must vacate the order in addition to granting reconsideration; however, *Schoff* espoused no such requirement. *Schoff* states: "Since reconsideration was not expressly granted within 30 days from the court's September 2nd order and since an appeal was not filed within thirty days of this order, the instant appeal, filed December 8, 1988 from the court's decision on reconsideration, must be quashed." 562 A.2d at 913. Notably, there is no language requiring vacatur in the *Schoff* decision.

A more recent case, *J.P. v. J.S.*, 214 A.3d 1284 (Pa. Super. 2019), perpetuates the erroneous language requiring vacatur. The language in *J.P.* reads as follows:

> Consistent with the procedural history and legal authority set forth above, we conclude that Mother's appeal filed on February 14, 2019 was untimely and must be quashed. We quashed an appeal in a similar case, stating:

>> [Appellant] had thirty days from the entry of the order or until July 2, 1997, to file an appeal, unless the trial court expressly vacated the order of May 30, 1997, and granted reconsideration. While the trial court did schedule a hearing on the motion for reconsideration, this was insufficient to toll the appeal period. *Schoff v. Richter*, [] 562 A.2d 912 ([Pa. Super.] 1989) (in order to extend time for taking appeal, trial court must vacate order and grant reconsideration; the mere scheduling of a hearing on the matter is insufficient). Since the order was not vacated and no appeal was filed within 30 days of the entry of the final, appealable order of equitable distribution, this appeal must be quashed as untimely.

>> *Karschner v. Karschner*, 703 A.2d 61, 62 (Pa. Super. 1997).

motion for September 18, 2019, within 120 days. ***Id.*** Following the September 18th hearing, the court entered an order on September 27, 2019, granting Father's request for additional testimony. That order, too, was entered within the 120-day period. Notably, the September 27th order did not set a date certain for the taking of additional testimony; a scheduling order was not issued until October 28, 2019. However, there is nothing in Rule 1930.2(e) requiring the court to set a date certain at the same time it directs that "additional testimony be taken." ***Id.***

The court's October 28, 2019 order scheduled the testimony for December 27, 2019; however, before that date, Father filed a notice of appeal. Father's appeal is premature. Since the court issued an order for additional testimony, "the reconsidered decision [did] not [have to] be rendered within 120 days, and the time for filing a notice of appeal will run from the date the reconsidered decision is rendered." Pa.R.C.P. 1930.2(e). The trial court granted reconsideration on June 24, 2019, and it had 120 days in which to *either direct that additional testimony be taken or issue a new reconsidered order*. ***See*** Pa.R.C.P. 1930.2. On September 27, 2019, Judge Pileggi entered an order directing additional testimony– the re-interview of Children. Since

_____

***J.P.***, 214 A.3d at 1288-89. To reiterate, Rule 1701(b) requires the trial court to enter "an order expressly granting reconsideration[.]" There is no requirement that the trial court expressly vacate the order, despite the fact that language in ***Karschner*** and ***J.P.*** implies otherwise.

no reconsidered decision had been rendered, the appeal is premature. ***Id.*** ***See*** Trial Court Opinion, 2/14/20, at 8.

It is well settled that, "[a]n appeal lies only from a final order, unless permitted by rule or statute." ***Stewart v. Foxworth***, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. ***See*** Pa.R.A.P. 341(b). "[A] custody order will be considered final and appealable only if it is both: (1) entered after the court has completed its hearings on the merits; and (2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." ***G.B. v. M.M.B.***, 670 A.2d 714, 720 (Pa. Super. 1996). Here, at the time the court granted Father's request for reconsideration, it had not yet completed its hearings. Further, it is quite clear the court did not intend the May 24, 2019 order would completely resolve the parties' custody dispute. ***Id***. We agree with Judge Pileggi: "[N]o reconsidered decision had been rendered and the appeal is premature pursuant to Pa.R.C.P. [] 1930.2(e)." Trial Court Opinion, 2/14/2020, at 8.

Finally, we recognize that this decision does not put Father out of court. "[P]etitions for modification of custody orders may be entertained at any time without regard to whether there have been any material changes which would warrant a reevaluation." ***Martin v. Martin***, 562 A.2d 1389, 1390 (Pa. 1989) (citation omitted). Our Supreme Court has provided "a directive that petitions for modification of custody orders may be filed at any time, and in all such

cases the court hearing the petition must consider the best interests of the child or children." *Id.* at 1391.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/20