J-S56001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| C.A. | : | No. 1687 EDA 2020 |

Appeal from the Order Entered August 25, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2009-60957

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 26, 2021**

M.B. (Father) appeals from the custody order, entered on August 25, 2020, by the Court of Common Pleas of Bucks County that directed that L.A., born in September of 2008, would attend school for the 2020/2021 school year at St. Jude Catholic School.  After review, we quash.

Father and C.A. (Mother), who were never married to each other, share legal custody of L.A.  Mother has primary physical custody of L.A. and Father has partial physical custody of L.A. every other weekend.  In the trial court's opinion filed in response to Father's appeal, the court provided the following:

> On August 4, 2020, Mother filed an Emergency Petition to Modify Custody as it relates to choosing a school for L.A.  The parties participated in a Custody Conference with one of the [c]ourt employed Child Custody Conference Officers.  A portion of the Conference Officer's report, a copy of which is filed of record and is attached hereto as Exhibit A, states:

---

[*] Retired Senior Judge assigned to the Superior Court.

[]Mother wants to enroll the parties' son at St. Jude Catholic School for the 2020/2021 academic year. Last school year, he attended Butler Elementary (Central Bucks School District), and was slated to attend Unami Middle School this school year. On August 10th, Central Bucks School District announced that it will now offer only on-line classes. Before that, it had planned a hybrid system of both virtual and in-person learning. The Catholic school has announced it is offering five days of in-person classes. Mother claims that their son struggled tremendously with on-line teaching - he lacked focus and had difficulty with the workload and the independent aspect of distance learning. She adamantly claims that he needs to be in a classroom setting, from both an academic and mental health standpoint. Mother says their son's grades are not an accurate barometer of his struggles; the school went to a 'pass/fail' system when it went virtual and, although he 'passed' all his classes, the teacher's comments regarding his work were concerning. Mother says that Father is not involved with child's school, e.g., parent-teacher conferences, school events, nor does he assist him with homework, and so Father is unaware of the level of difficulty their son had with virtual school. Moreover, Mother thinks that it would be extremely difficult for either parent to monitor and assist their son with on-line classes during the weekdays. Mother and son visited St. Jude's on July 17th. She then notified Father via email on July 22nd about her concerns with virtual education and wanting their son to return to St. Jude's (where he had attended kindergarten). Mother claims that their son had a positive experience when at St. Jude's, and wants to return. Mother secured a place for their child at St. Jude's but did not remove him from Unami public. There is now a 60-child waitlist at St. Jude's, but because Mother inquired earlier, the school is holding a spot for the child. Mother is not sure how long that spot will be held, or if it will be open after school begins (September 1st). She says that she will pay all costs of their child attending St. Jude, and that changing schools will not affect Father's custodial time with their son in any way.

> Father opposes sending their child to St. Jude. He says he is not Catholic (he does not attend church nor ascribe to any religion), and he does not want his son educated at a Catholic school. He says that the child has not been to church or CCD in quite some time. He also sees public school as providing the superior education. Father questions the safety for any child to attend in-person classes, and believes distance learning is preferable. He asserts that their child's troubles with distance learning stemmed from a lack of a disciplined schedule - the child stayed up too late and was tired and easily distracted when school was 'in session'. He thinks their son should stay in the public school system where he has been since 1st grade, where he is comfortable attending, and where all his friends go to school.
>
> While at the Custody Conference on August 17, 2020[,] the parties were unable to come to an agreement as to which school L.A. should attend. They requested the matter be scheduled for a hearing. Due to the immediacy of the impending school year, we held a conference in chambers on August 18, 2020[,] in an attempt to resolve the dispute between the parties. During said conference[,] both sides stated their stance on the matter and reasoning, and we gave our opinion that L.A. should attend in-person school at St. Jude Catholic School. On August 20, 2020[,] counsel for Mother submitted to us what was represented to be an Agreed[-]Upon Proposed Order. Upon review, we signed the Proposed Order on August 21, 2020, which ultimately allowed Mother to enroll L.A. in Catholic school for the 2020-2021 school year. It was our intent that the Proposed Order be entered as an Interim Order. We have since learned that while Father agreed with the form of the Order, he did not agree with the overall determination. On September 4, 2020[,] Father filed a Notice of Appeal.

Trial Court Opinion (TCO), 9/28/20, at 1-3.

Father's appeal was timely filed and was accompanied by a concise statement of errors complained of on appeal. His brief contains the following four issues:

1. Is the [t]rial [c]ourt's August 21, 2020 order appealable as a final order?

2. Does changing a child's school without conducting an evidentiary hearing over the objection of a party violate the party's right to due process?

3. May a child's school be changed without first establishing a record to support that the change would serve the child's best interests?

4. Is it proper to rely on the report of a custody conference officer[,] which was not yet made available to the parties?

Father's brief at 4-5.

We begin by noting the trial court's reasoning underlying its determination that the order giving rise to this appeal should be considered interlocutory, not final, and that therefore the appeal should be quashed. Specifically, the court stated:

Here, the Order entered on August 21, 2020[,] was fully intended to be an interim order. However, the form of the Order was submitted by the parties and ultimately did not reflect this intent. Appeal at this point is premature. Due to the narrow time constraints in which we had to come to a determination, this Order was entered before we could hold a full hearing on the merits. It was our intention to conduct a formal hearing at the first opportunity after the Order was entered[,] but Father's appeal has stalled our ability to do so. This Order specifically states that it shall remain in full force and effect only until further Order of the [c]ourt. Further, this Order only comes to a determination for L.A.'s schooling for one specific school year.

TCO at 5.

In **K.T.R. v. L.S.**, 238 A.3d 478 (Pa. Super. 2020), this Court quashed an appeal from an order in a child custody action, setting forth the following:

It is well settled that, "[a]n appeal lies only from a final order, unless permitted by rule or statute." **Stewart v. Foxworth**, 65

A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. *See* Pa.R.A.P. 341(b). "[A] custody order will be considered final and appealable only if it is both: (1) entered after the court has completed its hearings on the merits; and (2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." *G.B. v. M.M.B.,* 448 Pa. Super. 133, 670 A.2d 714, 720 (Pa. Super. 1996). Here, at the time the court granted Father's request for reconsideration, it had not yet completed its hearings. Further, it is quite clear the court did not intend the May 24, 2019 order would completely resolve the parties' custody dispute. *Id.*

*Id.* at 482.

We are compelled to quash this appeal due to the fact that, at the time the court's order was issued, no hearings on the merits had been held. *See id.* The court's explanation that it meant for the order to be an interim order, although not reflected in the order itself, additionally supports a conclusion that no final order exists from which Father could appeal. We further note that the order only encompasses the present school year, which is more than half-way completed at the present time. Therefore, we agree with the trial court that the order is not a final order and that the appeal is premature and must be quashed.[1]

Appeal quashed.

---

[1] In light of this Court's determination, we have not directly responded to Father's specific issues.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/26/2021