J-S12001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.V. | : | |
| | : | |
| Appellant | : | No. 1728 EDA 2020 |

Appeal from the Order Entered September 11, 2020
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  No. 0C1100152

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED:  JUNE 4, 2021**

S.W. (Mother) appeals from the order, entered in the Court of Common Pleas of Philadelphia County, granting sole legal and physical custody of her and M.V.'s (Father) minor child, L.V. (born January 2011), to Father.[1]  Because the court explicitly stated that its order is a temporary order and scheduled a status hearing for August 3, 2021, we quash this appeal.

The trial court set forth the history and procedural facts as follows:

On April 8, 2016, a complaint for primary physical custody and sole legal custody was filed by Mother.  On July 13, 2016, a temporary agreement was entered by the parties after a master's hearing.  This agreement provided Father shall have sole legal custody of the child and primary physical custody of the child. Mother shall have supervised physical custody of the child every Sunday from 12:00 PM to 2:00 PM at the court nursery.  A *pro se* petition for contempt was filed [by Mother] on July 27, 2016.  On October 6, 2016, a final order was entered by agreement between the parties and resolved the petition for contempt filed on July 27,

_____

[1] We note Father has not filed an appellee's brief.

2016. This agreement states: Mother [] and Father [] agree to shared physical and shared legal custody of their [child]. Shared physical custody schedule as the parties mutually arrange and agree. All pick-up and drop-off shall be at the Chester bus terminal. Mother to have all Islamic holidays. Father to have Christmas in even years and Mother in [o]dd years. Other holidays and times as the parties mutually arrange and agree. Petition for contempt filed July 27, 2016 is hereby withdrawn without prejudice.

On October 22, 2018 Father filed a petition to modify custody. A few weeks later, [on November 8, 2018,] Mother filed a petition to modify custody[.] An administrative order was entered directing Department of Human Services (D.H.S.) to provide any and all documents to any investigation regarding [the] child[]. A motion for expedited relief was filed by Father through counsel on November 19, 2018 and was subsequently withdrawn on January 25, 2019. Mother filed a motion for expedited relief through counsel on January 29, 2019.

On February 25, 2019, [Mother filed] a relocation counter affidavit objecting to the relocation and modification of the custody order[.] An administrative order was entered for a relocation pretrial conference before [the master]. Following that, Mother's motion for expedited relief was resolved on March 29, 2019 in front of the Honorable Christopher Mallios. The pretrial conference for the relocation was rescheduled and consolidated with the November 7, 2019 custody hearing.

Due to the number of cross claims and petitions filed by the parties, a custody hearing consolidating all outstanding petitions was scheduled for January 6, 2020. After a hearing on January 6, 2020, an order was produced awarding Father primary physical custody and Mother supervised [partial] physical custody [] every other Sunday from 12:00 PM to 2:00 PM at the Philadelphia Court Nursery.[]

After two protracted hearings, [on] July 17, 2020and July 27, 2020, *a temporary order was entered*. [] The temporary order was provided on August 3, 2020, *despite the docket wrongly reflecting a final order was entered. . . .* The temporary order provided: The [c]ourt will hold a status hearing on 8/3/2021 at 10:00 AM before the Honorable Mark B. Cohen. The [c]ourt finds that Father [] has acted in contempt by moving the child to Maryland without [c]ourt permission. The [c]ourt declines any sanctions against

> Father at this time. The [c]ourt finds that living with []Father is in the best interest of the minor child (1) because of the child's deep fear of []Mother and [the] detailed report of violence, abuse and neglect caused by []Mother, and (2) []Father's long, continuing and committed efforts to raise the child. Father shall have sole legal and sole physical custody of the child []. The [c]ourt believes it is in the best interest of the child to reside with Father in Maryland.

Trial Court Opinion, 12/18/20, at 1-3 (citations omitted; emphasis added)

It is well settled that, "[a]n appeal lies only from a final order, unless permitted by rule or statute." **Stewart v. Foxworth**, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. **See** Pa.R.A.P. 341(b). "[A] custody order will be considered final and appealable only if it is both: (1) entered after the court has completed its hearings on the merits; *and* (2) *intended by the court to constitute a complete resolution of the custody claims pending between the parties*." **G.B. v. M.M.B.**, 670 A.2d 714, 720 (Pa. Super. 1996) (emphasis added). **See also K.T.R. v. L.S.**, 238 A.3d 478 (Pa. Super. 2020).

Here, it is clear Judge Cohen did not intend the August 3, 2020 order to completely resolve the parties' custody dispute. The trial judge explicitly stated as much in his order, and again in his opinion. Moreover, the court scheduled a further hearing on the matter. We agree with Judge Cohen: "[T]his matter is not ripe for appeal as there is a temporary order in place with a date certain to return." Trial Court Opinion, *supra* at 5.

Appeal quashed.

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/21